[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 21, 2007
THOMAS K. KAHN
CLERK

No. 07-11073
Non-Argument Calendar
_____

D. C. Docket No. 06-00479-CV-ORL-22JGG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES A. SPITZER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

**(August 21, 2007)**

Before TJOFLAT, BIRCH and CARNES, Circuit Judges.

PER CURIAM:

James Spitzer, proceeding pro se, appeals from the district court's grant of summary judgment for the Government in an action to recover an erroneously issued tax refund to him in the amount of $16,614. The crux of Spitzer's position is that the $86,493.00 he earned from employment in 2004 were not "wages," and therefore were not taxable. In his brief, the appellant contends that the district court erred in (1) denying his motion to dismiss the Government's complaint, under Federal Rule of Civil Procedure 12(b)(1), for lack of subject matter jurisdiction, and his motion to dismiss the complaint, under Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim for relief, and (2) granting the Government's motion for summary judgment and denying his cross-motion for summary judgment.[1] We find no merit in Spitzer's appeal and therefore affirm the district court's judgment. We also grant the Government's motion for sanctions under Federal Rule of Appellate Procedure 38.

The Rule 12(b)(1) motion to dismiss

"Attacks on subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) come in two forms," a facial attack and a factual attack.

---

[1] Liberally construing his appellate brief, Spitzer also argues that his constitutional procedural due process rights were plainly violated by the government's failure to notify him of a claimed deficiency prior to filing the present lawsuit. Spitzer failed to present this argument to the district court. Since this is not an "exceptional" civil case where the error, if any, was "so fundamental that it may have resulted in a miscarriage of justice," we do not address this argument. See S.E.C. v. Diversified Corp. Consulting Group, 378 F.3d 1219, 1227 (11th Cir. 2004).

Lawrence v. Dunbar, 919 F.2d 1525, 1528-29. (11th Cir. 1990). "A 'facial attack'

. . . requires the court merely to look and see if [the] plaintiff has sufficiently

alleged a basis of subject matter jurisdiction, and the allegations in his complaint

are taken as true for the purposes of the motion." Id. at 1529 (citation omitted). A

"'[f]actual attack . . . challenge[s] the existence of subject matter jurisdiction . . .

irrespective of the pleadings, and matters outside the pleadings, such as testimony

and affidavits, are considered." Id. (citation omitted). We distinguished these two

types of attacks as follows:

> On a facial attack, a plaintiff is afforded safeguards similar to those
> provided in opposing a Rule 12(b)(6) motion - the court must consider
> the allegations of the complaint to be true. But when the attack is
> factual, the trial court may proceed as it never could under 12(b)(6) or
> Fed.R.Civ.P. 56. Because at issue in a factual 12(b)(1) motion is the
> trial court's jurisdiction - its very power to hear the case - there is
> substantial authority that the trial court is free to weigh the evidence
> and satisfy itself as to the existence of its power to hear the case. In
> short, no presumptive truthfulness attaches to plaintiff's allegations,
> and the existence of disputed material facts will not preclude the trial
> court from evaluating for itself the merits of jurisdictional claims.

Id. (citation omitted).

When the United States erroneously issues a refund check to a taxpayer, the

government may bring a civil action in the district court to recover the refund. See

26 U.S.C. § 7405(b) (providing the government with a civil cause of action to

recover taxes "erroneously refunded" );  26 U.S.C. § 7402 ("The district courts of

3

the United States at the instance of the United States shall have such jurisdiction . . . to render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws"); 28 U.S.C. § 1340 ("The district courts shall have original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue . . ."); 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction over all civil actions arising under the . . . laws[] . . . of the United States"). This jurisdiction exists regardless of whether the refund was issued mistakenly or was induced by fraud or other material misrepresentations. See 26 U.S.C. § 7405(b).

Considering Spitzer's Rule 21(b)(1) motion as a facial attack on the sufficiency of the Government's complaint, we hold, as the district court correctly held, that the complaint on its face alleged a proper basis of subject matter jurisdiction – a claim to recover an erroneous refund. The complaint fails a factual attack because Spitzer admitted in his affidavit in support of his motion to dismiss that he had received "private-sector earnings" from Rollins College for work that he performed in 2004, and that the college, an independent third-party, had considered these payments to be taxable income. In sum, the district court properly held that it had subject matter jurisdiction over the controversy.[2]

---

[2] Spitzer argues in his brief that the Government lacked standing to sue because it brought the lawsuit in the name of the "United States of America" rather than the "United

4

<u>The Rule 12(b)(6) motion to dismiss</u>

A complaint withstands a motion to dismiss for failure to state a claim if it appears that the facts support the claim for relief.  The complaint explicitly alleged that (1) Spitzer filed a tax return indicating that he did not have any tax liability in 2004; (2) the government refunded to Spitzer $16,936 based on these representations; and (3) Spitzer actually owed federal incomes for the 2004 tax year in the amount of $16,614.  Accepting these allegations as true, as we must, the Government presented a viable claim, pursuant to 26 U.S.C. § 7405(b), for the recovery of an erroneously issued tax refund.  Thus, the district court properly denied Spitzer's Rule 12(b)(6) motion to dismiss.

<u>The summary judgment motions</u>

We review a district court's grant or denial of summary judgment <u>de novo</u>, using the same legal standard as the district court.  <u>Holloman v. Mail-Well Corp.</u>, 443 F.3d 832, 836 (11th Cir. 2006).  Summary judgment is appropriate when the evidence, viewed in the light most favorable to the non-moving party, presents no genuine issue of material fact and compels judgment as a matter of law in favor of the moving party.  <u>Id.</u>

"If the party seeking summary judgment meets the initial burden of

States."  The argument is patently frivolous and merits no discussion.

5

demonstrating the absence of a genuine issue of material fact, the burden then shifts to the non-moving party to come forward with sufficient evidence to rebut this showing with affidavits or other relevant and admissible evidence." Avirgan v. Hull, 932 F.2d 1572, 1577 (11th Cir. 1991). "A nonmoving party, opposing a motion for summary judgment supported by affidavits cannot meet the burden of coming forth with relevant competent evidence by simply relying on legal conclusions or evidence which would be inadmissible at trial." Id. "The evidence presented cannot consist of conclusory allegations or legal conclusions." Id.

The Constitution grants Congress the power to tax "incomes, from whatever source derived . . . ." U.S. CONST. amend. XVI. Exercising this power, Congress has defined "gross income," for taxation purposes, as "all income from whatever source derived, including (but not limited to) . . . (1) Compensation for services, including fees, commissions, fringe benefits, and similar items[.]" 26 U.S.C. § 61(a).

To prevail in an action brought under 26 U.S.C. § 7405(b), the government must prove that: (1) a refund of a sum certain was made to a taxpayer; (2) the tax refund was erroneously issued; and (3) the lawsuit to recover the erroneously issued taxes was timely filed. See 26 U.S.C. § 7405(b); see also United States v. Commercial Nat'l Bank of Peoria, 874 F.2d 1165, 1169 (7th Cir. 1989). The

government ordinarily has two years after making an erroneous refund to file suit to recover the refund under § 7405. See 26 U.S.C. § 6532(b).

The undisputed evidence established that the government refunded to Spitzer $16,936 for the 2004 tax year. The undisputed evidence also established that the present lawsuit was filed on April 10, 2006, within two years of the contested refund. Accordingly, the sole issue for summary judgment purposes was whether the tax refund was erroneously issued. Spitzer failed to demonstrate a genuine issue of material fact disputing the declaration of Shauna Henline, Senior Technical Coordinator for the Frivolous Return Program for the Internal Revenue Service, which was based on Spitzer's incorrect statements in his self-prepared tax return that he had no wages or gross income for the year 2004, that the $16,614 refund was erroneously issued. Spitzer did submit as part of his summary judgment motion (and his brief in opposition to the Government's summary judgment motion) a copy of his self-prepared 2004 tax return, which purported to show that he had no tax liability for that tax year, as well as two personal affidavits stating the payments from Rollins College in 2004 were non-taxable earnings, and not taxable wages or gross income. This "evidence" – which consisted of a legal conclusion that the payments from Rollins College were non-taxable "private-sector earnings," and not taxable wages or gross income – was plainly insufficient

7

to defeat the Government's motion.  Given this state of the record, the court committed no error in granting the Government's motion for summary judgment and denying Spitzer's cross-motion.

The motion for sanctions under Rule 38

As Spitzer's arguments on appeal are patently frivolous and contrary to long-established authority, we grant the Government's motion for sanctions as to entitlement.  We direct the Government to file within fourteen days of the date of this opinion a supplement to its motion, which sets forth its costs, the time records of its attorneys, and appropriate affidavits establishing reasonable rates for these attorneys.  Spitzer may file a response to this supplement within seven days from the date is he served with the Government's supplement.  We will then issue a separate order resolving the motion as to amount.

AFFIRMED; MOTION FOR SANCTIONS GRANTED.