[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 7, 2009
THOMAS K. KAHN
CLERK

No. 08-15824
Non-Argument Calendar

_____

D. C. Docket No. 06-00479-CV-ORL-JGG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES A. SPITZER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 7, 2009)

Before TJOFLAT, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

On February 15, 2007, the district court entered summary judgment against

James Spitzer on the Government's claim to recover an erroneous income tax refund of $16,614 plus interest. Spitzer appealed the judgment, and we affirmed. United States v. Spitzer, 245 Fed.Appx. 908, 2007 WL 2376783 (C.A. 11. Fla.) We also granted the Government's motion for sanctions under Federal Rule of Appellate Procedure 38, id. at 912, in the sum of $16,681.66, as attorney's fees.[1]

On July 31, 2008, Spitzer moved the district court to vacate the court's judgement (which we had affirmed on appeal) as void, pursuant to Federal Rule of Civil Procedure 60(b)(4). The court summarily denied the motion. Spitzer now appeals that ruling.

In his brief on appeal, Spitzer argues that the district court denied him due process of law in granting summary judgment for the Government by (1) disregarding his challenge under Article I, § 9 of the Constitution to the validity of the tax assessment; (2) allowing the proceeding to take place even though the court lacked subject matter jurisdiction due to the Government's lack of standing; and (3) misapplying 26 U.S.C. §§ 3401 and 3121 as direct taxes on his earnings, in violation of (a) Article I, § 9's prohibition against direct taxation without apportionment according to representation and (b) the holding in Brushaber v.

---

[1] On March 20, 2009, we directed the parties to inform this court whether Spitzer had paid the fees as ordered. Spitzer did not respond. The Government responded by letter dated March 25, 2009, stating that no portion of the sanction had been paid.

Union Pac. R. Co., 240 U.S. 1, 36 S.Ct. 236, 60 L.Ed. 493 (1916), that the Sixteenth Amendment does not treat a tax on income as a direct tax.

As noted above, the district court denied Spitzer's motion without explication. In that we may affirm a district court's judgment on any ground, Turlington v. Atlanta Gas Light Co., 135 F.3d 1428, 1433 n.9 (11th Cir. 1998), we do so here, invoking the doctrine of res judicata. "Res judicata bars the filing of claims which were raised or could have been raised in an earlier proceeding." Ragsdale v. Rubbermaid, Inc., 193 F.3d 1235, 1238 (11th Cir. 1999). A claim is barred by the doctrine of res judicata if all four of the following elements are present: "(1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases." Id. "[I]f a case arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as a former action, that the two cases are really the same 'claim' or 'cause of action' for purposes of res judicata." See id. at 1239.

All four requirements for res judicata were met here. Spitzer's Rule 60(b)(4) motion was nothing more than an attempt to attack the judgment we affirmed in United States v. Spitzer.

AFFIRMED.