618 So.2d 268 (1993)
In the Interest of H.L., a Child, Petitioner,
v.
James WOOLSEY, Superintendent of the Duval Regional Juvenile Detention Center, and the Honorable Alban E. Brooke, Circuit Court Judge, Respondents.
No. 92-907.
District Court of Appeal of Florida, First District.
March 25, 1993.
Rehearing Denied June 10, 1993.
Ward L. Metzger, Asst. Public Defender, Jacksonville, for petitioner.
Charlie McCoy, Asst. Atty. Gen., Tallahassee, for respondents.
PER CURIAM.
H.L., a juvenile, files a petition for writ of habeas corpus alleging that his detention at the Duval Regional Juvenile Detention Center was unlawful. Although the petition is moot as to H.L., we write because the issue presented for review is one which is likely to recur, yet would consistently evade review because of the relatively short period of detention. C.L.B. v. Jones, 381 So.2d 1178 (Fla. 1st DCA 1980).
The State Attorney filed a petition for delinquency charging H.L. with possession of cocaine. H.L. was adjudicated guilty as charged and a disposition hearing was set for two weeks later. The trial judge ordered H.L. into custody immediately. The defense attorney "inquired" as to why H.L. was being detained at that time. The trial judge indicated that H.L. had repeatedly scoffed at the law and that there was a reasonable question as to whether H.L. would appear. The defense attorney stated that there was no history of a failure to appear and that H.L. had appeared before the court on this charge at least five times. The trial judge stated that H.L. was not before the court for a detention hearing, but had been convicted and was now subject to being detained.
The petition for writ of habeas corpus challenges this predisposition hearing detention arguing that H.L. did not meet the criteria for detention under section 39.044(2) and further that the secure detention was not indicated by a risk assessment instrument as required by section 39.042(3). Petitioner argues that sections 39.042 and 39.044(2) must be read in pari materia so that for a child to be placed in secure detention the child must meet the statutory criteria for detention and secure detention must be indicated by the risk assessment instrument unless the court states in writing clear and convincing reasons for placement contrary to that indicated by risk assessment instrument. Petitioner asserts that the legislature further restricted the use of secure detention for children who were not initially detained or who had been released when it stated:
If a child is on release status and not detained pursuant to this section, the child may be placed into secure, nonsecure, or home detention care only pursuant to a court hearing in which the original risk assessment instrument, rescored based on newly discovered evidence or *269 changed circumstances with the results recommending detention, is introduced into evidence.
Section 39.044(9), Florida Statutes. Here, petitioner was not detained prior to the conclusion of his adjudicatory hearing and was only placed into secure detention after he was found guilty. Petitioner argues that there is no provision in Chapter 39 which authorizes detention upon a finding of guilt.
On the merits, the State argues that section 39.002(4) implicitly authorizes detention prior to disposition as that statute reads in pertinent part:
The Legislature finds that detention under the provision of part II ["Delinquency Cases"] should be used only when less restrictive interim placement alternatives prior to adjudication and disposition are not appropriate. The Legislature further finds that decisions to detain should be based on a prudent assessment of risk ... where there is clear and compelling evidence [of] ... risk of failure to appear.
The State asserts that a trial court has the authority to place a juvenile in secure detention when there is clear and compelling evidence of a substantial risk that the juvenile will not appear at a later hearing. The State suggests that this burden was met because H.L. had been convicted and "certainly knew that disposition could include some form of detention." This assumption regarding what petitioner must have thought fails to establish that there was clear and convincing evidence of a substantial risk that H.L. would not appear at the disposition hearing.
Next, the State asserts that H.L. could have been detained under 39.044(2)(d)(3) as it authorizes continued detention of a juvenile who has been released and is awaiting final disposition for a third-degree felony under Ch. 893. The State likens petitioner's situation to an adult criminal defendant who wishes to be released on bond pending sentencing.
We do not believe the question presented is governed solely by section 39.044(2) as argued by the parties. That section was most obviously designed for the simple post-arrest/pre-adjudicatory hearing circumstances. Department of Health and Rehabilitative Services v. State of Florida, 599 So.2d 123, 125 (Fla. 5th DCA 1992). Instead, we believe sections 39.044(2) and 39.044(5)(c) read in pari materia allow a trial court to detain a juvenile for a limited time after the child has been adjudicated but before the disposition hearing is held. Section 39.044(5)(c) provides:
No child shall be held in secure, nonsecure, or home detention care for more than 15 days following the entry of an order of adjudication unless an order of disposition pursuant to s. 39.054 has been entered by the court or unless a continuance, which shall not exceed 15 days, has been granted for cause. The detention center or facility superintendent shall request that the court order the release of any child held beyond 15 days without a grant of continuance.
We find that the trial court acted within its statutory authority pursuant to sections 39.044(2) and 39.044(5) when it ordered petitioner to be detained pending a disposition hearing which was scheduled within 15 days.
Because this cause has become moot as to this petitioner, the requested relief is denied.
IT IS SO ORDERED.
JONOAS, C.J., and BOOTH and ZEHMER, JJ., concur.