THOMPSON, Judge,
concurring specially.
I agree that the writ should issue because the juvenile was not adjudicated delinquent; however, I hasten to add that had the juvenile been adjudicated delinquent, I would reach a different result. For the reasons outlined below, I do not agree that “all orders of detention must be based upon record-supported written findings in compliance with section 39.042(1).”
In January 1994, a petition was filed against the appellant, a juvenile, for the offense of loitering and prowling on 4 December 1993, a violation of section 866.021(1), Florida Statutes (1993). An attorney was appointed to represent the child on 6 January 1994 and the adjudicatory hearing (non-jury trial) was scheduled for 17 February 1994. After the adjudicatory hearing, the child was found guilty of committing a delinquent act, but he was not adjudicated a delinquent. The trial judge ordered the juvenile taken into custody and placed in secure detention. His dispositional hearing was scheduled for 1 March 1994,12 days after the adjudicatory hearing. The juvenile argues that he cannot be held in secure detention unless a detention risk assessment instrument (“RAI”)[1] is completed and he scores high enough to be detained. I disagree. *1194 Had he been adjudicated delinquent, a RAI need not be completed. Section 39.044(5)(c),[2] in my opinion, authorizes a child to be detained until this dispositional hearing.
This ease is controlled by H.L. v. Woolsey, 618 So.2d 268 (Fla. 1st DCA 1993). In Woolsey, our sister court held that the detention criteria in sections 39.044(2) and 39.044(5)(c) must be read in pari materia and a trial court had the statutory authority to detain a juvenile for up to 15 days in secure detention after the juvenile had been adjudicated delinquent and before a dispositional hearing was held. The juvenile must be released from secure detention at the end of 15 days if no dispositional hearing is held. See § 39.-044(5)(c), Fla.Stat., (1993); Id. The court noted that a RAI does not need to be completed. I agree. Had the child been adjudicated delinquent in this case, I would deny the writ relying upon Woolsey.

. § 39.042(3)(a), Fla.Stat. (1993)

. Section 39.044(5)(c), Florida Statutes (1993) provides:
No child shall be held in secure, nonsecure, or home detention care for more than 15 days following the entry of an order of adjudication unless an order of disposition pursuant to s. 39.054 has been entered by the court or unless a continuance, which shall not exceed 15 days, has been granted for cause. The detention center or facility superintendent shall request that the court order the release of any child held beyond 15 days without a grant of continuance.