PER CURIAM.
Appellant appeals from an adjudication of delinquency for burglary of a conveyance and grand theft. The trial court placed her in a community control program. A special condition of community control required that appellant wear an electronic monitoring device.
At trial, a police officer testified that when he arrived at the crime scene, a parking lot, he found “a stolen vehicle left” and the victim’s car missing. This evidence was admissible under section 90.402, Florida Statutes (1995), because it was inextricably intertwined in time and place with the crimes charged and was necessary to fully describe the way in which the criminal deed happened. See Erickson v. State, 565 So.2d 328, 333 (Fla. 4th DCA 1990), rev. denied, 576 So.2d 286 (Fla.1991). Evidence of the separate theft was proper to establish “the entire context out of which the criminal action occurred.” Hunter v. State, 660 So.2d 244, 251 (Fla.1995), cert. denied, — U.S. —, 116 S.Ct. 946, 133 L.Ed.2d 871 (1996); Griffin v. State, 639 So.2d 966, 968 (Fla.1994), cert. denied, — U.S. —, 115 S.Ct. 1317, 131 L.Ed.2d 198 (1995).
Appellant also challenges the use of an electronic monitoring device as a special condition of community control. By statutory definition, community control contemplates that the freedom of a delinquent child will be limited by the restriction of the child to noninstitutional quarters or to the child’s home. § 39.01(16), Fla.Stat. (1995). Electronic monitoring is a means of enforcing compliance with such a geographical restrie *1203 tion. By its language authorizing a trial' court to place a “child in a community control program ... under such reasonable conditions as the court may direct,” section 39.054(l)(a), Florida Statutes (1995), allows trial courts the discretion to impose special conditions of community control. The discretion to impose special conditions can also be inferred from the language of section 39.054(l)(a)l, which provides that community control programs “must include, but are not limited to, structured or restricted activities as described” in that paragraph. (Emphasis supplied). Here, the special condition of an electronic device was reasonably related to the nature of the punishment.
AFFIRMED.
DELL, SHAHOOD and GROSS, JJ., concur.