777 So.2d 1171 (2001)
A.S., a child, Petitioner,
v.
Brenda BYRD, Department of Juvenile Justice, Palm Beach County Home Detention Supervisor, Respondent.
No. 4D00-4019.
District Court of Appeal of Florida, Fourth District.
February 14, 2001.
Carey Haughwout, Public Defender, and Jerry M. Wade, II, Assistant Public Defender, West Palm Beach, for petitioner.
Robert A. Butterworth, Attorney General, Tallahassee, and David M. Schultz, Assistant Attorney General, West Palm Beach, for respondent.
WARNER, C.J.
In this petition for writ of habeas corpus, the petitioner, a juvenile, seeks to quash a home detention order and electronic monitoring order, both entered by the trial judge upon a determination to withhold adjudication of petitioner as a delinquent for petty theft. We grant the petition as to the home detention order, as no risk assessment was prepared by the Department of Juvenile Justice as is required by section 985.213, Florida Statutes (2000).
The child pled no contest to a charge of petty theft. At the disposition hearing, the court withheld adjudication and placed petitioner on community control. The court imposed additional sanctions, including a curfew of 5 p.m., completion of an anger management course, obedience to rules established by petitioner's mother and her school teachers, and to attend school regularly. The court also imposed a special condition that she wear an electronic *1172 monitor until she demonstrated good reason that it be removed. The judge did not mention home detention at the hearing. The "event form," which appears to be filled out by the clerk, notes that the "custody status" was marked, "[p]laced on electronic monitor." The home detention box was not marked. The form also contained all of the requirements recited by the judge at the hearing. This form was attached to the disposition order signed by the judge on October 31, 2000, nunc pro tunc to October 25, 2000, the date of the disposition hearing.
However, on a detention status form, signed by the judge on the date of the disposition hearing, the home detention line was checked, and electronic monitor was added. That same date the petitioner was apparently required to sign a home detention contract that required her to remain at her place of residence unless attending school or employment. The contract required permission from the "community leader" before petitioner could leave her residence. It provided for unannounced visits during the period of supervision. Additional rules were included for electronic monitoring.
At the hearing, petitioner's counsel objected to the electronic monitor, claiming that a risk assessment was required before that condition be imposed. The judge overruled the objection because he had placed the petitioner on community control. In the petition filed with this court, petitioner challenges both the electronic monitoring and the order of home detention.
The order of home detention should be quashed. Section 985.213(1) provides that a court order regarding the use of home detention must be based upon findings as set forth in the statute and be based on a risk assessment of the child.[1] No risk assessment was made of the juvenile in this case. As the power to place in detention those charged with or found to have committed a delinquent act is entirely statutory, see S.W. v. Woolsey, 673 So.2d 152, 154 (Fla. 1st DCA 1996), compliance with the statute is required.
Respondent contends that: (1) the child was placed on community control, and (2) electronic monitoring can be part of a community control program for a juvenile. We agree that such monitoring may be part of community control. In T.S. v. State, 682 So.2d 1202, 1202-03 (Fla. 4th DCA 1996), we held under prior versions of sections 985.23(4) and (5) that electronic monitoring could be a special condition of community control under the juvenile statutes. However, those statutes do not cover home detention, and the state never addresses this issue in its response. Instead the state asserts that petitioner is inaccurate in stating that she was placed on home detention. The detention status order, however, states that home detention has been ordered. Petitioner was required to sign a home detention contract, the provisions of which are more onerous than what was pronounced by the judge at the disposition hearing.
Because the court never mentioned home detention at the disposition *1173 hearing, we suspect that the detention status order and home detention contract are simply a mistake. However, petitioner is entitled to the relief of quashing the home detention status order entered without the statutory risk assessment having been conducted. It is not sufficient merely to correct the order which does not even cover community control. Correction of the order also does not address the home detention contract, which includes terms more onerous than pronounced by the court.
Petition granted.
DELL, J., concurs.
POLEN, J., dissents with opinion.
POLEN, J., dissenting.
I respectfully dissent. I would grant the petition for habeas corpus only to the extent that the home detention order should be corrected to show appellant's status as being on community control. In all other respects, I would deny the petition.
NOTES
[1] Section 985.213(1) provides as follows:

(1) All determinations and court orders regarding the use of secure, nonsecure, or home detention shall be based primarily upon findings that the child:
(a) Presents a substantial risk of not appearing at a subsequent hearing;
(b) Presents a substantial risk of inflicting bodily harm on others as evidenced by recent behavior;
(c) Presents a history of committing a property offense prior to adjudication, disposition, or placement;
(d) Has committed contempt of court by:
1. Intentionally disrupting the administration of the court;
2. Intentionally disobeying a court order; or
3. Engaging in a punishable act or speech in the court's presence which shows disrespect for the authority and dignity of the court; or
(e) Requests protection from imminent bodily harm.