817 So.2d 1019 (2002)
R.G., a juvenile, Petitioner,
v.
The STATE of Florida, and George Laflam, Superintendent, Miami Dade Juvenile Detention Center, Respondents.
No. 3D02-1496.
District Court of Appeal of Florida, Third District.
May 31, 2002.
*1020 Bennett H. Brummer, Public Defender, and Frank P. Triola, Assistant Public Defender, for petitioner.
Robert A. Butterworth, Attorney General, for respondents.
Before JORGENSON, FLETCHER, and RAMIREZ, JJ.
PER CURIAM.
This is an emergency petition for writ of habeas corpus seeking the release of petitioner R.G. from secure detention pending a juvenile disposition hearing scheduled for June 3, 2002. The petition alleges that the juvenile is being unlawfully detained contrary to sections 985.213(2), 985.215(2) and (9), 985.207(1)(d) and 985.231(1)(a)1.c, Florida Statutes (2000).
Habeas corpus is the proper remedy where a juvenile is being detained illegally in violation of the risk assessment requirements and the detention statute. See A.S. v. Byrd, 777 So.2d 1171 (Fla. 4th DCA 2001) (granting a habeas corpus petition as to a home detention order where no risk assessment was prepared by the Department of Juvenile Justice as is required by section 985.213, Florida Statutes (2000)).
In this case, Judge Scott Bernstein ordered that R.G. be held in secure detention after the judge found that R.G. violated the terms of his probation. The trial court specifically stated that R.G. was not being detained based on the charges, but based on the fact that R.G. was not attending school as previously ordered by the court.
No risk assessment of R.G. was made in this case. As the power to place in detention those charged with or found to have committed a delinquent act is entirely statutory, See S.W. v. Woolsey, 673 So.2d 152, 154 (Fla. 1st DCA 1996), compliance with the statute is required. See A.S., 777 So.2d at 1172. Section 985.213(2)(a) is clear in its requirement that all determinations and court orders regarding detention be based on a risk assessment of the child. If, on the other hand, the trial court based its order on the basis of indirect criminal contempt, the juvenile contempt statute, section 985.216(4)(b) provides:
If a child is charged with indirect contempt of court, the court must hold a hearing within 24 hours to determine whether the child committed indirect contempt of a valid court order. At the hearing, the following due process rights must be provided to the child:
1. Right to a copy of the order to show cause alleging facts supporting the contempt charge.
No order to show cause was issued in this case.
This is the sixth emergency habeas corpus petition filed against this same judge since March 26, 2002. In each case, the Attorney General's Office has conceded error. We would think that the message to this trial court judge should be clear that he, too, must follow the law. We trust that after this opinion, the trial court judge will modify his conduct accordingly.
The petition for habeas corpus is hereby granted and the respondents are ordered to release R.G. from secure detention immediately. The respondents are further directed to place R.G. on home custody with monitoring pending the hearing scheduled for June 3, 2002.
Writ granted.