PER CURIAM.
In his ninth appearance in two 1991 Brevard County cases, Harold W. Cooper wants this court to review the denial of his latest rule 3.800(a) motion. Once again, he is challenging his habitual felony offender status. He relies upon Shepard v. United States, 544 U.S. 13, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005), but Florida law holds that “a mere allegation of a defective ha-bitualization process ... does not constitute a claim of an ‘illegal’ sentence.” Edwards v. State, 760 So.2d 226, 227 (Fla. 5th DCA 2000). We affirm.
We conclude this appeal is frivolous and an abuse of process. See, e.g., Johans v. State, 901 So.2d 396 (Fla. 5th DCA 2005). Accordingly, we prohibit Harold W. Cooper from filing any further pro se pleadings or papers concerning Brevard County Circuit Court Case Numbers 05-1991-CFA-12573 and/or 05-1991-CFA-15062 with this court. The clerk of this court is directed not to accept any further pro se filings concerning these cases.
AFFIRMED. Future Pro Se Filings PROHIBITED.
SAWAYA, ORFINGER and TORPY, JJ., concur.