917 So.2d 919 (2005)
L.K., a child, Petitioner,
v.
DEPARTMENT OF JUVENILE JUSTICE, Respondent.
No. 1D05-5076.
District Court of Appeal of Florida, First District.
December 12, 2005.
*920 Nancy Daniels, Public Defender; John W. Hedrick, Assistant Public Defender; and Mandy R. Magrath, Certified Legal Intern, Tallahassee, for petitioner.
Charlie Crist, Attorney General, and Alan R. Dakan, Assistant Attorney General, Tallahassee, for respondent.
PER CURIAM.
We previously granted a petition for writ of habeas corpus by an unpublished order and now write to explain our reasons for granting relief.
Petitioner, a juvenile, was adjudicated delinquent for violation of probation on October 5, 2005, and ordered to be held in secure detention pending a disposition hearing scheduled for October 27, 2005. Petitioner objected and argued that the disposition date was set past the statutory maximum of 15 days allowed for a child held in detention under the supervision of the Department of Juvenile Justice. § 985.215(5)(d), Fla. Stat. (2005). The trial court overruled petitioner's objection finding that Saturdays, Sundays and legal holidays are excluded from calculating the 15-day detention period.
Petitioner sought habeas corpus relief arguing that the time allowed for secure detention under section 985.215(5)(d) meant 15 calendar days and cited to H.L. v. Woolsey, 618 So.2d 268 (Fla. 1st DCA 1993). Petitioner pointed out that the 15-day detention period provided for in section 985.215(5)(d) does not provide for the exclusion of Saturdays, Sundays and legal holidays, whereas, another subsection of the same statute, section 985.215(10)(a)1., does exclude Saturdays, Sundays and legal holidays when calculating the time a child may be held in secure detention when awaiting placement in a moderate-risk residential program.
The state asserted that the trial court relied on section 985.215(5)(f) in calculating the detention period, and reasoned that because subsection (5)(f) excludes Saturdays, Sundays and legal holidays when a continuance for cause is granted, the legislature must have intended to also exclude Saturdays, Sundays and legal holidays when calculating the detention time allowed after adjudication under subsection (5)(d).
The power to place juveniles charged with, or found to have committed, a delinquent act in detention is entirely statutory in nature. S.W. v. Woolsey, 673 So.2d 152, 154 (Fla. 1st DCA 1996). Therefore, strict compliance with the statute is required. W.C. v. Smith, 898 So.2d 1137, 1138 (Fla. 1st DCA 2005); A.S. v. Byrd, 777 So.2d 1171, 1172 (Fla. 4th DCA 2001); see also L.K. v. State, 729 So.2d 1011 (Fla. 4th DCA 1999) (holding that *921 notwithstanding the child's acquiescence in a longer period of detention, the plain language of section 985.215(10)(a)1. forbids the trial judge from ordering detention in excess of 15 days after commitment). Section 985.215(5)(d) states that "a child may not be held in secure, nonsecure, or home detention care for more than 15 days following the entry of an order of adjudication." Part I of the Florida Rules of Juvenile Procedure applies to delinquency cases. With two exceptions not applicable here,[1] rule 8.180(a) provides that in computing any period of time prescribed or allowed by the rules, by order of court, or by any applicable statute, the day of the act or event from which the designated period of time begins to run is not to be included. The last day of the period so computed shall be counted, unless it is Saturday, Sunday, or a legal holiday, in which event the period shall run until the end of the next day which is neither a Saturday, Sunday, nor a legal holiday. Rule 8.180(a) further provides that when the period of time prescribed or allowed shall be less than 7 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded from the computation.
The trial court read sections 985.215(5)(d) and (5)(f) together to exclude Saturdays, Sundays and legal holidays from the computation of time for secure detention after adjudication, but before disposition. Section 985.215(5)(f) states:
The time limits in paragraphs (c) and (d) do not include periods of delay resulting from a continuance granted by the court for cause on motion of the child or his or her counsel or of the state. Upon the issuance of an order granting a continuance for cause on a motion by either the child, the child's counsel, or the state, the court shall conduct a hearing at the end of each 72-hour period, excluding Saturdays, Sundays, and legal holidays, to determine the need for continued detention of the child and the need for further continuance of proceedings for the child or the state.
Here, no motion for continuance for cause was filed by either party or granted by the trial court pursuant to section 985.215(5)(f) and it appears that the exclusion of Saturdays, Sundays and legal holidays in that subsection applies to calculating the time for the hearings to be held every 72 hours to determine the need for continued detention of the child.
As stated, we must strictly construe the juvenile detention statute. Unlike section 985.215(10)(a)1., section 985.215(5)(d) does not provide for the exclusion of Saturdays, Sundays and legal holidays when calculating the 15-day detention period following the entry of an order of adjudication. It is a general canon of statutory construction that, when the legislature includes particular language in one section of a statute but not in another section of the same statute, the omitted language is presumed to have been excluded intentionally. Beach v. Great Western Bank, 692 So.2d 146, 152 (Fla.1997); Cason v. Crosby, 892 So.2d 536, 537 (Fla. 1st DCA 2005). Because the 15-day detention period allowed by section 985.215(5)(d) exceeds 7 days, rule 8.180 would not exclude Saturdays, Sundays and legal holidays from the time computation. For these reasons, we granted relief.
WEBSTER, BENTON and THOMAS, JJ., concur.
NOTES
[1] Fla. R. Juv. P. 8.013 and 8.010. Those rules concern the original detention hearing, petition and order.