991 So.2d 924 (2008)
BOARD OF TRUSTEES OF FLORIDA STATE UNIVERSITY and The Florida State University, Appellants,
v.
John A. ESPOSITO, Appellee.
No. 1D07-2316.
District Court of Appeal of Florida, First District.
August 15, 2008.
Rehearing Denied October 16, 2008.
*925 John S. Derr of John S. Derr, P.A., Tallahassee, for Appellants.
William R. Amlong, Karen C. Amlong and Jennifer Daley of Amlong & Amlong P.A., Fort Lauderdale; and Marie A. Mattox of Marie A. Mattox, P.A., and Richard E. Johnson, Amici Curiae, Tallahassee, for Appellee.
LEWIS, J.
In this action brought under chapter 760, Florida Statutes (2005), the Florida Civil Rights Act ("FCRA") for disability discrimination and retaliation, the Board of Trustees of Florida State University and the Florida State University (collectively, "FSU"), challenge an order awarding attorney's fees and costs to John A. Esposito. After a jury trial, a verdict was returned in favor of Esposito, awarding him compensatory damages. The trial court determined that Esposito's attorney's fees, his costs and expenses, and the compensatory damages award were collectively subject to the limitation on the "total amount of recovery" in section 760.11(5), Florida Statutes (2005), which by reference adopts the $100,000.00 cap in section 768.28(5), Florida Statutes (2005). On appeal, FSU challenges the trial court's failure to apply the twenty-five percent statutory cap on attorney's fees in section 768.28(8), Florida Statutes (2005), to Esposito's compensatory damages award. On cross appeal, Esposito argues that the trial court erred in holding that the $100,000.00 cap on damages in section 768.28(5), referenced in section 760.11(5), encompasses attorney's fees and costs. We affirm the appeal and cross appeal and write to only explain that section 768.28(8) has no application in connection with a claim brought under the FCRA and to explain that the statutory limitation in section 768.28(5) includes attorney's fees and costs.
We begin with the stated purpose of the FCRA, which is "to secure for all individuals within the state freedom from discrimination because of race, color, religion, sex, national origin, age, handicap, or marital status." § 760.01(2), Florida Statutes (2005). The FCRA is a remedial statute that the Legislature has expressly provided to be "liberally construed to further the general purposes" of the Act and the particular provisions involved. § 760.01(3), Florida Statutes (2005). Section 760.11(5), sets forth the following concerning civil actions brought pursuant to the FCRA:
In any civil action brought under this section, the court may issue an order. . . providing affirmative relief from the effects of the practice, including back pay. The court may also award compensatory damages, including, but not limited to, damages for mental anguish, loss of dignity, and any other intangible *926 injuries, and punitive damages. . . . In any action or proceeding under this subsection, the court, in its discretion, may allow the prevailing party a reasonable attorney's fee as part of the costs. It is the intent of the Legislature that this provision for attorney's fees be interpreted in a manner consistent with federal case law involving a Title VII action. . . . Notwithstanding the above, the state and its agencies . . . shall not be liable for punitive damages. The total amount of recovery against the state and its agencies . . . shall not exceed the limitation as set forth in s. 768.28(5).
Section 768.28(5) limits recovery against the state or its agencies to $100,000.00 per person for each claim, as will be discussed in the issue on cross appeal. Section 768.28(8) provides, "No attorney may charge, demand, receive, or collect, for services rendered, fees in excess of 25 percent of any judgment or settlement." FSU contends that the trial court erred in failing to limit Esposito's award of attorney's fees to twenty-five percent of his compensatory damages pursuant to section 768.28(8). We disagree.
We are guided in our decision here by Maggio v. Florida Department of Labor and Employment Security, 899 So.2d 1074 (Fla.2005), in which the supreme court held that the presuit notice requirements of section 768.28(6) have no application to a cause of action under the FCRA. Observing that resolution of the issue for decision should be resolved through ascertainment of legislative intent as revealed by the text of the FCRA, the supreme court referenced three aspects of the FCRA that compelled it to conclude that the FCRA was a "stand-alone statutory scheme" specifically designed to address civil rights violations:
First, the State's waiver of sovereign immunity for civil rights claims derives from the Florida Civil Rights Act, not from the waiver of sovereign immunity contained in section 768.28. Second, the inclusion of detailed presuit requirements within the Act, which serve to place the State on notice of the alleged violation, suggests that the Legislature did not intend to require compliance with an additional unreferenced notice provision. And third, the express reference in the Act to section 768.28(5), but not to section 768.28(6), supports the conclusion that the Legislature did not intend that the provisions of section 768.28(6) apply to the Act.
Id. at 1078.
When interpreting statutes, we are constrained to follow the plain meaning of the statutory language "without resort to any canon of construction, if possible." Batur v. Signature Prop. of Nw. Fla., Inc., 903 So.2d 985, 994 n. 18 (Fla. 1st DCA 2005). Further, "when the legislature includes particular language in one section of a statute but not in another section of the same statute, the omitted language is presumed to have been excluded intentionally." L.K. v. Dep't of Juvenile Justice, 917 So.2d 919, 921 (Fla. 1st DCA 2005) (citations omitted). Following this well-settled rule of statutory construction, the supreme court recognized in Maggio that the express reference in the FCRA to section 768.28(5), but not to section 768.28(6), indicated that the Legislature did not intend for section 768.28(6) to apply to actions brought under the FCRA, a "stand-alone statutory scheme" designed to provide an aggrieved party with a remedy against the state or its agencies under certain specified conditions. 899 So.2d at 1078. Applying the Maggio analysis to the instant case, the express reference in the FCRA to section 768.28(5), but not to section 768.28(8), indicates that the Legislature did not intend for section 768.28(8) to apply *927 to actions brought under the FCRA. The FCRA contains no reference to section 768.28(8), and we may not impute words into the FCRA that were not included by the Legislature. See L.G. v. State, 939 So.2d 1141, 1143 (Fla. 1st DCA 2006) (quoting Seagrave v. State, 802 So.2d 281, 287 (Fla.2001)). Thus, we conclude that section 768.28(8) does not apply to the FCRA.
Moreover, Section 760.11(5) specifically states that "[i]t is the intent of the Legislature that this provision for attorney's fees be interpreted in a manner consistent with federal case law involving a Title VII action." Imposing a cap of twenty-five percent of the judgment on attorney's fees and costs in cases brought under the FCRA would be inconsistent with the stated Legislative intent because Title VII does not place a cap on attorney's fees. See 42 U.S.C. § 2000e, et seq. Under Title VII, attorney's fees may be greater than damages recovered. See, e.g., Clanton v. Orleans Parish Sch. Bd., 649 F.2d 1084, 1102 (5th Cir.1981) (affirming an award of $24,514.70 in fees for obtaining an $8,654.16 judgment)[1]; Rivera v. Riverside, 763 F.2d 1580, 1581-83 (9th Cir.1985) (affirming an award of $245,456.25 in fees for obtaining a $33,350.00 judgment). Therefore, the trial court did not err in adhering to the plain language of section 760.11(5) and awarding Esposito attorney's fees in excess of twenty-five percent of his awarded damages.
Esposito argues on cross appeal that the $100,000.00 cap in section 768.68(5), referenced in section 760.11(5), applies only to compensatory damages and does not include attorney's fees and costs. Esposito further argues that the Second District's opinion in Gallagher v. Manatee County, 927 So.2d 914 (Fla. 2d DCA 2006), was wrongly reasoned and should not be followed. In support of his argument, Esposito asserts that limiting a public employee's recovery to $100,000.00, including attorney's fees and costs, leads to absurd results that conflict with legislative intent and legislative history. We disagree.
Section 760.11(5) contains the following pertinent provision concerning civil actions brought pursuant to the FCRA: "The total amount of recovery against the state and its agencies . . . shall not exceed the limitation as set forth in s. 768.28(5)." Section 768.28(5) provides, in relevant part, as follows:
The state and its agencies . . . shall be liable for tort claims in the same manner and to the same extent as a private individual under like circumstances, but liability shall not include punitive damages. . . . Neither the state nor its agencies. . . shall be liable to pay a claim or a judgment by any one person which exceeds the sum of $100,000. . . . However, a judgment or judgments may be claimed and rendered in excess of these amounts . . . and that portion of the judgment that exceeds these amounts may be reported to the Legislature, but may be paid in part or in whole only by future act of the Legislature. . . .
In Gallagher, 927 So.2d at 917, the Second District rejected the argument that the $100,000.00 cap in section 768.28(5) applies only to compensatory damages. The Gallagher court concluded that the meaning of "recovery" in section 760.11(5) is clear and unambiguous and encompasses all amounts of recovery, including attorney's fees. Id. at 918-19. The Gallagher court recognized that when the language of a statute is clear, "courts will not look behind the statute's plain language for legislative *928 intent or resort to rules of statutory construction to ascertain intent." Id. at 919. We agree with the analysis in Gallagher and adopt it as our own. We further note that during the pendency of this appeal, the Fourth District in Zamora v. Florida Atlantic University Board of Trustees, 969 So.2d 1108, 1110 (Fla. 4th DCA 2008), addressed this exact issue and likewise adopted the Second District's analysis in Gallagher.[2] Accordingly, under the statute as written, the trial court did not err in determining that the cap on the total amount of recovery includes any amounts recovered for attorney's fees and costs.
AFFIRMED.
BARFIELD and WEBSTER, JJ., concur.
NOTES
[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir.1981) (en banc), the Eleventh Circuit accepted as binding precedent all Fifth Circuit cases decided before October 1, 1981.
[2] Both Esposito and the appellant in Zamora also raised valid concerns as to the limitations section 768.28(5) places upon persons who have lost wages due to discriminatory conduct by state agencies to the extent that some injured parties may not be made whole. See 969 So.2d at 1111. In response to these concerns, the Zamora court recognized, and we also find, that these arguments "should be addressed to the legislature, which has both provided the remedy and created the limitations." Id. While the statute limits FSU's liability, as the Zamora court noted, an "employee can file a claims bill with the legislature to secure amounts in excess of the statutory limitation." Id.