# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA
_____

Case No. 5D2023-0746
LT Case No. 2019-36932-COCI
_____

USAA CASUALTY INSURANCE
COMPANY,

      Appellant,

      v.

EMERGENCY PHYSICIANS, INC.
d/b/a EMERGENCY RESOURCES
GROUP, as assignee of Lauryn
Frazier,

      Appellee.

_____


On appeal from the Circuit Court for Volusia County.
Robert A. Sanders, Judge.

Nancy A. Copperthwaite, and Marcy Levine Aldrich, of Akerman
LLP, Miami, for Appellant.

Maria Elena Abate, of Colodny Fass, Sunrise, and L. Michael
Billmeier, Jr., of Colodny Fass, Tallahassee, Amicus Curiae for
American Property and Casualty Insurance Association, in
support of Appellant.

David M. Caldevilla, of de la Parte, Gilbert, McNamara &
Caldevilla, P.A., Tampa, and Mark Cederberg, and Robert D.
Bartels, of Bradford Cederberg, P.A., Orlando, for Appellee.

July 26, 2024

HARRIS, J.

In February 2019, Lauryn Frazier, a minor, was involved in a motor vehicle accident. Frazier was a dependent resident relative insured under a policy issued by USAA Casualty Insurance Company ("USAA") to the named insured, Lish Adams, which provided personal injury protection ("PIP") benefits and medical payment coverage. Emergency Physicians, Inc. ("Emergency Physicians") provided emergency services and care to Frazier as a result of the accident. Emergency Physicians charged $753 for its services and submitted a bill to USAA seeking reimbursement of PIP and medical payment benefits as assignee of Frazier. USAA applied the bill to the policy's $1,000 deductible, indicating in an Explanation of Reimbursement form that the bill was subsumed by the deductible.

In October 2019, Emergency Physicians, as assignee of Lauryn Frazier, filed a one-count complaint against USAA in county court for PIP benefits. USAA admitted coverage for the accident but alleged that Emergency Physicians' bill fell below the policy deductible and as such, was the full and complete responsibility of the insured/claimant and therefore, Emergency Physicians was not entitled to PIP benefit reimbursement. USAA filed a certified copy of the declaration page and insurance policy issued in 2018 to Adams. The declaration page indicates that the policy provides for $10,000 in PIP coverage subject to a $1,000 deductible and that it applied to Frazier and Adams. A PIP deductible form is included in the policy, but the form was not executed or filled out in any way.

The parties ultimately filed competing motions for summary judgment. Emergency Physicians asserted that USAA's declaration page cannot be relied upon as evidence that Adams elected a deductible, and thus, because the deductible form was not executed, there was no evidence of a knowing $1,000 deductible election. It asserted that USAA did not dispute the reasonableness, relatedness, or medical necessity of its services and thus, this case presented solely a legal question: Whether USAA properly reduced its payment of PIP benefits by imposing the $1,000 deductible. In

2

support of its position, Emergency Physicians relied upon an "OIR information memorandum" and attached the deposition transcripts of USAA's Corporate Representative, Alice Verble, and Jose Segura, an employee of USAA involved in the underwriting process.

Verble was the assigned adjuster in Frazier's PIP claim. She testified that the declaration page included within the insured's policy listed all the coverages that the named insured selected for her insurance policy and that USAA relied on the declarations to determine that a $1,000 PIP deductible applied to Adams and Frazier.

Segura worked in the member contact center servicing requests from new and existing members seeking to obtain or modify insurance coverage. Like Verble, he relied upon the declarations page to determine that Adams elected a $1,000 PIP deductible. Segura testified that Adams contacted USAA by phone to obtain her policy and that a USAA representative keyed in Adams' information and coverage selections into the policy administration system. While there was no recording of the phone call, USAA kept a record that the phone call occurred. When the policy was issued, USAA generated a policy issue packet, which included the declarations page as well as information and endorsement forms and sent it to Adams. Finally, Segura testified that since the initiation of her policy, Adams has always maintained a $1,000 PIP deductible and as a result she paid a lower premium amount. Upon each renewal period, a new policy packet was sent to Adams with a new declaration page and forms that contained the PIP coverage and applicable deductible.

USAA filed its motion for summary judgment, arguing that the $1,000 deductible was applicable and that Segura's and Verble's testimony confirmed that Adams elected PIP coverage with a $1,000 deductible, as evidenced by the declaration page. The motion further pointed out that Segura testified that upon his review, Adams selected and maintained a $1,000 PIP deductible on her policy and that a deductible form was not required to be completed. USAA argued that the PIP Statute does not require an insurer to obtain a signed deductible form in order for the insurer to apply the deductible and that Emergency Physicians was not

entitled to PIP benefits because the insured was not entitled to PIP benefits since the payment of deductible had not been met at the time Emergency Physicians submitted its bill. Thus, USAA argued the insured was obligated to pay the bill applied to the deductible.

On December 6, 2022, the court entered its order granting Emergency Physicians' motion for summary judgment and denying USAA's motion for summary judgment, noting that the lawsuit involved a simple question—whether USAA properly reduced its payment of PIP benefits by imposing an alleged $1,000 deductible in compliance with the PIP Statute. The court found that pursuant to the statute, an insurer must offer the option of electing a PIP deductible to the named insured at the time the initial application is taken and prior to each annual renewal, and pursuant to deposition testimony, the deductible form was not provided to the named insured prior to the policy renewing. Therefore, the court concluded, USAA did not comply with the statute.

In its motion for rehearing, USAA argued that deposition and affidavit testimony and the insurance contract were more than sufficient evidence to support its assertion that a deductible applied in this case and that Emergency Physicians provided no evidence to contradict the sworn testimony attesting to the accuracy and authenticity of the applicable insurance contract. The court denied USAA's motion and this appeal followed.

We agree with USAA that the trial court's findings are contrary to the record evidence. In finding whether USAA provided evidence of Adams electing a deductible, the court found that USAA had "no record of a phone call," but Segura testified oppositely. Segura stated that he did have a record of Adams calling to speak to a USAA representative to initiate her policy and that the representative would key in information and elections given and selected by Adams. Segura and Verble testified that the declarations page reflected Adams' choices. Segura was familiar with the practices of USAA representatives logging in information given by a new or existing member seeking to obtain or modify insurance coverage.

4

The court also erroneously found that Segura stated that USAA did not provide the deductible form to Adams prior to the policy renewing. Segura testified USAA sent the policy issue packet, which included the deductible form, when Adams first purchased her policy and a similar renewal packet was sent at every renewal period. Accordingly, the trial court's findings are not supported by the record.

The trial court also erred in concluding that USAA was required to obtain a signed deductible form in order to apply the deductible. The PIP statute requires an insurer to offer PIP deductibles and give the named insured the opportunity to elect a specific PIP deductible:

> (2) Insurers shall offer to each applicant and to each policyholder, upon the renewal of an existing policy, deductibles, in amounts of $250, $500, and $1,000. The deductible amount must be applied to 100 percent of the expenses and losses described in s. 627.736. After the deductible is met, each insured is eligible to receive up to $10,000 in total benefits described in s. 627.736(1).

§ 627.739(2), Fla. Stat. As the trial court correctly noted, the PIP statute is silent as to whether the offer shall be made orally or in writing, and likewise as to how the insured's acceptance or rejection of the offer is to be memorialized:

> (5) *All such offers shall be made in clear and unambiguous language at the time the initial application is taken and prior to each annual renewal and shall indicate that a premium reduction will result from each election. At the option of the insurer*, the requirements of the preceding sentence are met by using forms of notice approved by the office, or by providing the following notice in 10-point type in the insurer's application for initial issuance of a policy of motor vehicle insurance and the insurer's annual notice of renewal premium:
>
> > For personal injury protection insurance, the named insured may elect a deductible and to exclude coverage for loss of gross income and

5

loss of earning capacity ("lost wages"). These elections apply to the named insured alone, or to the named insured and all dependent resident relatives. A premium reduction will result from these elections. The named insured is hereby advised not to elect the lost wage exclusion if the named insured or dependent resident relatives are employed, since lost wages will not be payable in the event of an accident.

§ 627.739(5), Fla. Stat. (emphasis added). Thus, the statute does not expressly require the insurer to obtain a signed, approved form from the insured.

In contrast, section 627.727(9), Florida Statutes (2019), regarding uninsured motorists, gives an insurer the option to "offer non-stacking coverage provided that the insurer informs the insured of the limitations of such coverage and the insured executes an approved form expressly electing non-stacking coverage." *Travelers Com. Ins. Co. v. Harrington*, 154 So. 3d 1106, 1113 (Fla. 2014) (citing § 627.727(9)). Section 627.727(9) expressly requires that insurers

shall inform the named insured . . . on a form approved by the office, of the limitations imposed under this subsection and that such coverage is an alternative to coverage without such limitations. *If this form is signed by a named insured, applicant, or lessee, it shall be conclusively presumed that there was an informed, knowing acceptance of such limitations on behalf of all insureds.*

(emphasis added). The PIP statute has no such requirement or presumption. Moreover, the PIP statute does not expressly require that a declaration page include reference to a premium discount as a result of a deductible election.

"When interpreting statutes, we are constrained to follow the plain meaning of the statutory language 'without resort to any canon of construction, if possible.'" *Bd. of Trs. of Fla. State Univ. v. Esposito*, 991 So. 2d 924, 926 (Fla. 1st DCA 2008) (quoting *Batur v. Signature Prop. of Nw. Fla., Inc.*, 903 So. 2d 985, 994 n.18 (Fla.

1st DCA 2005)). "Further, 'when the legislature includes particular language in one section of a statute but not in another section of the same statute, the omitted language is presumed to have been excluded intentionally.'" *Id.* (quoting *L.K. v. Dep't of Juv. Just.*, 917 So. 2d 919, 921 (Fla. 1st DCA 2005)). Applying this well-settled rule of statutory construction to the instant case, the express requirement of a signed approved form in section 627.727(9), but no such requirement in section 627.739, indicates that the Legislature did not intend for insurers to obtain an executed approved form in order to apply PIP deductibles. Courts should not impute words into the PIP statute that were not included by the Legislature. "The words in the statute are the best guide to legislative intent." *State Farm Mut. Auto. Ins. Co. v. Nichols*, 932 So. 2d 1067, 1076 (Fla. 2006). Therefore, we conclude that a signed deductible form is not required and it was therefore error to grant summary judgment in favor of Emergency Physicians.

We next consider whether USAA provided sufficient evidence to establish that Adams elected a deductible. Both Verble and Segura testified in deposition and affidavit that Adams' policy afforded $10,000 in PIP coverage subject to a $1,000 deductible. The deductible applied to Adams, as the named insured, and Frazier, as a dependent resident relative. In their affidavits, Verble and Segura stated that the attached exhibits, which included the declarations page, were kept in the ordinary course and scope of business of USAA, were made at or near the time of events they record, were made by or from information transmitted by a person with knowledge of the events they record, and was it the regular practice of USAA to make such records. Segura was familiar with the process of new and existing members calling a USAA representative to obtain or modify coverage. Segura testified that USAA kept record of the phone call Adams made to initiate her policy and that the USAA representative would have keyed in information obtained from Adams into the system that then generates Adams' policy and declaration page. Emergency Physicians offered no evidence to the contrary.

We find that the affidavits and deposition testimony were sufficient to show that Adams elected a deductible. Moreover, the declaration page, which the trial court previously found to be part of the policy, clearly indicates that a PIP deductible applied. *See,*

7

*e.g., Pro-Medics Therapy & Rehab Ctr. LLC v. United Auto. Ins. Co.*, 337 So. 3d 411, 412 (Fla. 3d DCA 2021) (relying on declaration page of insurance policy to determine undisputed evidence); *High Definition Mobile MRI, Inc. v. State Farm Mut. Auto. Ins. Co.*, 321 So. 3d 818, 823 (Fla. 4th DCA 2021) (holding that where High Definition offered no evidence to contradict State Farm's affidavit, evidence was sufficient to establish that endorsement was part of the policy where claims representative expressly attested that the policy included endorsement and that policy and endorsement was in effect as of date of loss at issue). Thus, because the declaration page is a part of the policy, the face of the insurance contract at issue shows that Adams elected a $1,000 deductible. *See Principal Life Ins. Co. v. Halstead as Tr. of Rebecca D. McIntosh Revocable Living Tr. Dated September 13, 2018*, 310 So. 3d 500, 502 (Fla. 5th DCA 2020) ("When a contract is clear and unambiguous, the actual language used in the contract is the best evidence of the intent of the parties, and the plain meaning of the language controls.").

Accordingly, because USAA provided sufficient evidence that Adams elected a deductible and because a deductible form is not required, the trial court erred in granting Emergency Physicians' motion for summary judgment. Moreover, because Emergency Physicians did not contradict USAA's deposition and affidavit testimony, there are no genuine issues of material fact. We therefore reverse the order granting Emergency Physicians' motion for summary judgment and remand for entry of final summary judgment in favor of USAA.

REVERSED and REMANDED with instructions.

WALLIS and JAY, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____