DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**WESTGATE & WABASSO CORP.,**
Appellant,

v.

**WORD OF FAITH COMMUNITY DEVELOPMENT CORPORATION,**
Appellee.

No. 4D2025-0506

[February 18, 2026]

Appeal from the County Court for the Fifteenth Judicial Circuit, Palm Beach County; Sara Alijewicz, Judge; L.T. Case No. 502024SC013883XXXAWB.

Jesse I. Unruh and Mónica Monsalve-Burr of Spire Law, PLLC, Oviedo, for appellant.

No appearance for appellee.

MAY, J.

The difference between residential and commercial lease statutes and a landlord-tenant dispute over a security deposit form the basis of this appeal.  A landlord appeals a final judgment in favor of the tenant.  The landlord argues the trial court erred when it ordered the landlord to return a portion of the tenant's security deposit with interest.  We agree and reverse.

- *Facts*

The landlord entered a written commercial lease with the tenant.  The lease included the following provision:

> **ARTICLE FIVE - DEPOSIT.** Tenant, concurrently with the execution of this Lease, shall deposit with Landlord the Deposit, to be retained by Landlord as security for the payment by Tenant of the Rents and all other payments herein agreed to be paid by Tenant, and for the faithful performance

by Tenant of the terms, covenants and conditions of this Lease. It is agreed that **Landlord, at Landlord's option, may at the time of any default of Tenant under any of the terms, covenants or conditions of the Lease apply said sum or any part thereof toward the payment of the Rent**, and towards the performance of each and every one of Tenant's covenants under this Lease, but such covenants and Tenant's liability under this Lease shall thereby be discharged only pro-tanto that Tenant shall remain liable for any amounts that such sum shall be insufficient to pay; that Landlord may exhaust any and all rights and remedies against Tenant before resorting to said sum, but nothing herein contained shall require or be deemed to require Landlord so to do. In the event Landlord uses or applies the Deposit, as provided for above, Tenant shall immediately restore the Deposit to its original amount upon written demand by Landlord to do so. In the event and/or to the extent that the Deposit shall not be utilized as set forth above, it shall be returned by Landlord to Tenant within thirty (30) days after the expiration of the Term, and only after Tenant having satisfied all of its terms, covenants and conditions of this Lease. **Landlord shall not be required to pay Tenant any interest on the Deposit**. The Deposit may be co-mingled by Landlord with its own funds, [sic] Tenant further acknowledges that the Deposit is not to be construed as prepaid Rent by Tenant for, or any rental period of the Term.

Put simply, the provision permitted the landlord to apply the deposit toward unpaid rent or other lease obligations. And the landlord was not required to pay the tenant interest on the deposit. Any unused portion of the deposit was to be returned within thirty days of the lease term's expiration, provided the tenant satisfied all lease obligations.

At the start of the lease, the tenant paid $10,300, consisting of a $5,000 security deposit and $5,300 for the last month's rent. The tenant vacated the premises in March 2024. By then, the monthly rent had increased to $6,550.40. The tenant did not pay the full amount owed for the final month. The landlord applied $1,204.00 from the security deposit to cover the unpaid rent balance and returned the remaining $3,796.00 to the tenant in July.

In an email exchange, the landlord explained that it had withheld a portion of the tenant's security deposit to satisfy the outstanding rent obligation. The landlord advised the tenant that the final rent payment

was inadequate, and the lease authorized the landlord to apply the security deposit to any rent deficiency. The tenant responded the lease did not permit an increase in the final month's rent, and the landlord was required to return the withheld security deposit.

The following month, the tenant filed a Statement of Claim seeking $4,812.52, consisting of $1,204.00 in principal, $3,381.42 in interest, and $227.10 in costs. The trial court entered a final judgment in the tenant's favor for $4,812.52 following a non-jury trial. The trial court found:

1. The [landlord] did not comply with Florida Statutes in providing a notice of intent to make any claim on the security deposit whatsoever.

2. The lease indicates that the last month rent was pre-paid at the inception and made no provisions for annual increases that were contemplated by the lease, so even if the notice [of] intent to make a claim was mailed, they would not be entitled to the increased rent without language to that effect within the lease.

From this judgment, the landlord now appeals.

- *Analysis*

The landlord argues the trial court erred by applying residential statutory requirements governing the return of security deposits to the commercial lease instead of following the lease provisions. Those provisions expressly allowed the landlord to deduct unpaid rent from the security deposit and did not provide for interest.

We have de novo review of legal issues. *Lopez v. Hall*, 233 So. 3d 451, 453 (Fla. 2018); *Leisure Resorts, Inc. v. City of West Palm Beach*, 864 So. 2d 1163, 1166 (Fla. 4th DCA 2003).

"It is a general canon of statutory construction that, when the legislature includes particular language in one section of a statute but not in another section of the same statute, the omitted language is presumed to have been excluded intentionally." *L.K. v. Dep't of Juv. Just.*, 917 So. 2d 919, 921 (Fla. 1st DCA 2005).

Part II of Chapter 83, Florida Statutes (2024), governs residential leases. It expressly regulates security deposits, including notice requirements, deadlines for return, and interest in certain circumstances.

3

*See* §§ 83.40–83.71, Fla. Stat. (2024).  By contrast, Part I of Chapter 83 applies to **nonresidential leases** and contains **no provisions** governing the timing, manner, or interest applicable to the return of a security deposit.  *See* §§ 83.001–83.37, Fla. Stat. (2024).

In short, the statutory law does not impose the same requirements for a commercial lease that the trial court used in ruling for the tenant.

The landlord relies on three cases, all of which support its position. *Nuñez v. Aviv Air Conditioning, Inc.*, 319 So. 3d 731 (Fla. 3d DCA 2021)*; Hyman v. Cohen*, 73 So. 2d 393, 401 (Fla. 1954)*;* and *Buyer's Choice Auto Sales, LLC v. Palm Beach Motors, LLC*, 391 So. 3d 463, 468–69 (Fla. 4th DCA 2024).

Here, the trial court found the landlord did not comply with statutory requirements for notice of intent to make a claim on the security deposit. But there was no statutory requirement for notice applicable to this commercial lease.  The trial court also found the lease had no provision for annual increases.  Yet, the record reflects the lease provided for rent adjustments.  The trial court simply erred in its application of statutory law and the lease agreement's terms.  We therefore reverse and remand the case for entry of a judgment in the landlord's favor.[1]

*Reversed and remanded.*

CONNER and LOTT, JJ., concur.

*       *       *

***Not final until disposition of timely-filed motion for rehearing.***

---

[1] The trial court also erred in awarding interest of $3,381.42, at an effective rate of 749%.  Our reversal, however, moots this issue.