Allison WILLIAMS, Plaintiff,

v.

ADVERTISING SEX LLC, Raymond Williams, PalmBeach–Online.Com, Inc., Kenneth M. Boyd, Steve Bryant, G.A.M.E., Nicholas Cain, Cain Web Design, Inc., Charlie Hintz, Mental Shed, LLC, Chris Hartmann, Xoteck, LLC., DRP Media, Inc., David Peterson, Vidbidness, Inc., Eric Ridley, Performance Marketing Group, Inc., Darren M. McLaughlin, Pamela McLaughlin, Etrax Productions, Ronald Yates, Sergio Jacuzzi, Harhan Co., Patrick Smith, Eliza Razia, FLI Exotic Inc., Frostylipts LLC, Joseph Vitagliano, Web Traffic, Inc., Johnathon Landon, Scott Moles, Zorg Enterprises, Castle Co. Pty. Ltd., the Moles Trust, Russell M. Moles, Gwendoline E. Moles, Guy Blomberg, Chris Buckley, Eyegasmic Enterprises, Scott Rickett, Genocide Productions, Webresultz Pty Ltd, Craid Brown, Michael Vacietis, Frederic Papillon, Peter Smallwoood, Purple Sky Productions, Fauladi Singh, Mark Van Heerden, CCG Groep BV, Manuel Noten, Netsaits BV, Gerco Marsch, Henry Rottine, John and Jane Does 1–3, and Edith G. Boyd, Defendants.

No. CIV.A. 1:05CV51.

United States District Court, N.D. West Virginia.

Oct. 26, 2005.

---

Andrew M. Wright, Jackson Kelly, PLLC—Morgantown, Stephen M. LaCagnin, Jackson Kelly, PLLC—Morgantown, Woodrow E. Turner, Jackson Kelly, PLLC—Morgantown, Morgantown, WV, for Allison Williams, Plaintiff.

Steve Bryant, Nashville, TN, pro se.

Ronald Yates, Arlington, TX, pro se.

Guy Blomberg, Queensland, Australia, pro se.

Robert R. Waters, Waters Law Office, Huntington, WV, Heather M. Wright, MacCorkle, Lavender, Casey & Sweeney, PLLC—Morgantown, Morgantown, WV, Raymond S. Franks, II, Goodwin & Goodwin, LLP, Stephen P. Goodwin, Goodwin & Goodwin, LLP, Charleston, WV, Alexander D. Pencu, Robinson & Cole LLP, Joseph L. Clasen, Robinson & Cole LLP, William J. Kelleher, III, Robinson & Cole LLP, Stamford, CT, for Defendants.

### ORDER GRANTING PLAINTIFF'S MOTION TO EFFECT SERVICE OF PROCESS ON SCOTT MOLES, WEB TRAFFIC INC., AND ZORG ENTERPRISES BY ALTERNATIVE MEANS UNDER FRCP 4(f)(3)

KEELEY, District Judge.

On October 11, 2005, the plaintiff, Allison Williams ("Williams"), by her attorneys, Ste-

phen M. LaCagnin, Andrew M. Wright, and Woodrow E. Turner, moved this Court pursuant to Rule 4(f)(3) of the Federal Rules of Civil Procedure for an order permitting Williams to effect service of process on defendants Scott Moles, Web Traffic Inc., and Zorg Enterprises ("the defendants") via electronic mail, international registered mail, and international standard mail. Attached to Williams' motion are affidavits and registered mail receipts illustrating both the extent of Williams' past efforts to serve the defendants and the lack of success of those efforts. Because Williams has established her good-faith efforts to serve process by formal means, and has also demonstrated the reasonableness of the alternative means she seeks under Rule 4(f)(3), the Court **GRANTS** her motion and **DIRECTS** Williams to serve the defendants as indicated below.

## I. Background

On March 18, 2005, Williams sued fifty-nine (59) defendants, alleging that they participated in a conspiracy to defame her. Specifically, Williams alleges that these 59 defendants falsely identified her as the participant in a graphic internet video they circulated and advertised on multiple websites that juxtaposed her image as Miss West Virginia, 2003, with sexually explicit images on the video. The defendants to this motion are among those alleged to have defamed Williams in this manner.

## II. FRCP 4(f)

Rule 4 of the Federal Rules of Civil Procedure governs service of process in civil suits,

with the exception of the service of subpoenas, which is governed by FRCP 45. As the Advisory Committee Notes to the 1993 Amendments of Rule 4 point out, "a summons must be served whenever a person is joined as a party against whom a claim is made," unless "service of the summons is waived." The procedural requirements for service of process on an individual found outside the United States and joined as a party against whom a claim has been made are set forth in subdivision (f) of Rule 4. FRCP 4(h)(2) further authorizes service of process on a foreign business entity in "any manner prescribed for individuals by subdivision (f) . . . ."

Here, Rule 4(f)'s strictures apply to each of the three defendants to this motion. Defendant Scott Moles is an individual found outside the United States. He resides in Australia. Defendants Web Traffic Inc., and Zorg Enterprises are business entities incorporated in and with principal places of business in Australia.

Within the strictures of Rule 4(f) there are three separate methods through which service of process "may be effected in a place not within any judicial district of the United States."[1] In the landmark opinion of *Rio Properties, Inc. v. Rio International Interlink,* 284 F.3d 1007, 1014–15 (9th Cir.2002), the Ninth Circuit Court of Appeals held that each of Rule 4(f)'s three methods for international service of process is equivalent to one another. That is, "Rule 4(f) does not denote any hierarchy or preference of one method of service over another." *FMAC Loan Receiv-*

---

1. Federal Rule of Civil Procedure 4(f) provides: **Service Upon Individuals in a Foreign Country.** Unless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed, other than an infant or incompetent person, may be effected in a place not within any judicial district of the United States:
(1) by any internationally agreed means reasonably calculated to give notice, such as those means authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents; or
(2) if there is no internationally agreed means of service or the applicable international agreement allows other means of service, provided that service is reasonably calculated to give notice:

(A) in the manner prescribed by the law of the foreign country for service in that country in an action in any of its courts of general jurisdiction; or
(B) as directed by the foreign authority in response to a letter of rogatory or letter of request; or
(C) unless prohibited by the law of the foreign country, by
(i) delivery to the individual personally of a copy of the summons and the complaint; or
(ii) any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the party to be served; or
(3) by other means not prohibited by international agreement as may be directed by the court.

*ables v. Dagra,* 228 F.R.D. 531, 534 (E.D.Va.2005)(citing *Rio,* 284 F.3d at 1015). Further, "Rule 4(f)(3) is not subsumed within or in any way dominated by Rule 4(f)'s other subsections; it stands independently, on equal footing." *Rio,* 284 F.3d at 1015. Thus, "court-directed service under Rule 4(f)(3) is as favored as service available under Rule 4(f)(1) or Rule 4(f)(2)." *Id.*

■ In this case, Williams seeks to serve process on the defendants pursuant to Rule 4(f)(3) as opposed to the means outlined in Rules 4(f)(1) or (2). The Fourth Circuit Court of Appeals has not addressed this issue. Therefore, in the absence of any controlling authority in this circuit, the Court adopts the reasoning of the Ninth Circuit in *Rio Properties, Inc. v. Rio International Interlink,* and concludes that Williams' petition for direction under Rule 4(f)(3) of the Federal Rules of Civil Procedure may proceed without seeking service under the other provisions of Rule 4(f).

### III.   FRCP 4(f)(3)

Under FRCP 4(f)(3), "the task of determining when the particularities and necessities of a given case require alternate service of process" is placed squarely within the sound discretion of the district court. *Rio* 284 F.3d at 1016. Moreover, in exercising such discretion, the district court may require a showing by the plaintiff that reasonable efforts to serve the defendant have already been made and that the court's intervention will avoid further unduly burdensome or futile attempts at service. *Dagra,* 228 F.R.D. at 534.

■ Here, Williams has attached numerous exhibits documenting her reasonable efforts to serve the defendants by traditional means. Attached to her motion are the affidavits of two Australian process servers, Tracey Fidler and John Kelly, who, between them, attempted physical service of process on the defendants thirteen (13) times between June 8, 2005, and August 16, 2005. Furthermore, they made numerous phone calls to a variety of numbers linked to the defendants, but with little success. It does appear that defendant Moles was contacted by cellular telephone on two occasions. On each occasion, however, Moles was evasive regarding his whereabouts.

In addition to multiple efforts at hand delivery, Williams attempted unsuccessfully to serve the defendants by international registered mail on April 22, 2005. That package was refused and returned to sender on May 4, 2005. Thus, prior to filing this motion, Williams had made reasonable, yet unsuccessful, efforts to effect formal service of process on the defendants. Given the difficulty Williams encountered despite her best efforts, the "particularities and necessities" of this case warrant service of process by alternate means.

Once it is established that alternate service is warranted, a court then must examine the contours of Rule 4(f)(3), which authorizes service "by other means not prohibited by international agreement as may be directed by the court." The plain language of 4(f)(3) thus requires service of process to be directed by the court and not to be prohibited by international agreement. *See also Rio,* 284 F.3d at 1014.

In this case, Williams' motion seeks an order directing her to effect service of process by alternate means. Thus, Rule 4(f)(3)'s first requirement will be satisfied upon the issuance of an Order by this Court.

■ As to the second requirement, the United States and Australia have no international agreement governing service of process. Australia was not a signatory to the "convention on the service abroad of judicial and extrajudicial documents in civil or commercial matters" that culminated in the Hague Treaty of November 15, 1965. *See* Advisory Committee Notes to FRCP 4. Nor is there any existing agreement between the United States and Australia regarding service of process. The second requirement for application of Rule 4(f)(3) in this case, therefore, has been satisfied.

### IV.   "Other Means"

■ Following a determination that FRCP 4(f)(3) applies to a case, a district court must then tailor direction for service of process by "other means," and that direction must com-

port with constitutional notions of due process. *Rio*, 284 F.3d at 1016. "To meet this requirement, the method of service crafted by the district court must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Id.* (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950)).

In her motion, Williams submits that service of process by electronic mail ("e-mail"), international registered mail, and international standard mail satisfies that requirement. Given all the circumstances of this case, the Court agrees.

The first federal court to authorize service of process by e-mail was the Bankruptcy Court for the Northern District of Georgia. In *Broadfoot v. Diaz*, 245 B.R. 713, 715 (Bankr.N.D.Ga.2000), a Chapter 7 Bankruptcy Trustee brought an adversarial action against a former officer of the debtor corporation for alleged breach of fiduciary duties. The Trustee, however, was unable to serve process on the defendant by traditional means due to the defendant's extensive and unpredictable European travel. *Id.* at 718. According to the court, the defendant was literally a "moving target." *Id.* Consequently, the Trustee sought permission to serve the defendant by e-mail and demonstrated to the court the reliability of a known e-mail address of the defendant. *Id.* at 719.

After extensively researching the issue and determining that it was one of first impression, the bankruptcy court in *Broadfoot* held that service of process by means including e-mail was fully authorized by FRCP 4(f)(3), and, indeed, comported with the due process rights of the defendant. *Id.* at 720–21. As the court stated:

> [Rule 4(f)(3)] is expressly designed to provide courts with broad flexibility in tailoring other methods of service to meet the needs of particularly difficult cases. Such flexibility necessarily includes the utiliza-

tion of modern communication technologies to effect service when warranted by the facts... If any methods of communication can be reasonably calculated to provide a defendant with real notice, surely those communication channels utilized and preferred by the defendant himself must be included among them.

*Id.*

Two years after *Broadfoot*, the Ninth Circuit became the only court of appeals to recognize the propriety of service of process by e-mail under Rule 4(f)(3), when it held that the district court had not abused its discretion when authorizing e-mail service after traditional attempts at service had failed. *Rio*, 284 F.3d at 1018. Although no other circuits have confronted the issue since *Rio*, a handful of district courts have followed *Rio*'s holding and authorized service of process by e-mail transmission. *See, e.g., Popular Enterprises, LLC v. Webcom Media Group, Inc.*, 225 F.R.D. 560 (E.D.Tenn.2004); *Ryan v. Brunswick Corp.*, No. 02–CV–0133E, 2002 WL 1628933 (W.D.N.Y. May 31, 2002).

■ In this case, the record establishes that the defendants are "sophisticated participants in e-commerce." In her motion, Williams has provided e-mail addresses for defendant Scott Moles and related website addresses through which Moles conducts e-commerce.[2] These websites are well established and maintained for the purposes of e-commerce. In short, Williams has demonstrated that a reliable channel of communication to defendant Moles exists by way of e-mail addresses linked to established websites that Moles uses to conduct business.

Further, Williams proposes to serve process by e-mail by utilizing the website service "Proof of Service—electronic" ("PoS-e")[3], which offers encrypted on-line delivery of documents and returns a digitally signed proof of delivery once the document has been received by the target e-mail, thus enhancing the reliability of electronic service.

2. *Scott@juicybucks.com*
*Scott@juicyrevenue.com*
*www.juicybucks.com/support.php*

*www.juicyrevenue.com/support.php*

3. *www.pos-e.com*

Williams has established that her prior attempts to serve the defendants have resulted in Moles' direct knowledge that he is sought for the receipt of legal documents from the United States. Rather than ease the process, Moles' knowledge has only erected barriers to formal service. Thus, given the circumstances of this case, a direction to serve process by e-mail in addition to international registered mail and international standard mail to all known addresses of the defendants is "reasonably calculated ... to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane*, 339 U.S. at 314, 70 S.Ct. 652 (1950).

### V. Conclusion

■ The authorization of e-mail as an alternative means for service of process under Federal Rule of Civil Procedure 4(f)(3) is a matter of first impression for this Court. Given the plaintiff's previous efforts to formally serve the defendants and the reasonable nature of the alternative service she requests, the Court concludes that service of process by electronic mail is authorized by and warranted under Rule 4(f)(3) of the Federal Rules of Civil Procedure. Thus, the plaintiff, Allison Williams, is **DIRECTED** to serve process on defendants Scott Moles, Web Traffic Inc., and Zorg Enterprises by means of electronic mail, international registered mail, and international standard mail.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record.