**FRU VEG MARKETING, INC.,
a Florida corporation,
Plaintiff,**

v.

**VEGFRUITWORLD CORP., f/k/a Fru-veg USA Corp., a Florida corporation, et al., Defendants.**

**Case No. 1:12–cv–21262–UU.**

United States District Court,
S.D. Florida.

Sept. 20, 2012.

John Cyril Malloy, III, Meredith Frank Mendez, Malloy & Malloy, P.A., Oliver Alan Ruiz, Malloy & Malloy, P.L., Miami, FL, for Plaintiff.

John Michael Wermuth, Gonzalez & Wermuth, Miami, FL, for Defendants.

### OMNIBUS ORDER

URSULA UNGARO, District Judge.

THIS CAUSE is before the Court upon Plaintiff's Motion for Court–Directed Alternative Service of Process ("Plaintiff's Motion") (D.E. 36) and Defendants' Renewed Motion to Dismiss and to Quash Service of Process ("Defendants' Motion"). (D.E. 40.)

THE COURT has reviewed both Motions, the pertinent portions of the record, and is otherwise fully briefed on the premises.

### I. BACKGROUND

On July 31, 2012, Plaintiff, Fru Veg Marketing, Inc. ("Plaintiff"), filed its amended eight-count complaint (D.E. 35) alleging that Defendants, Vegfruitworld, Corp., f/k/a FRUVEG USA Corp. ("FRU-VEG USA"), FRUVEG Colombia S.A.S. ("FRUVEG Colombia"), FRUVEG Peru Export S.A.C. ("FRUVEG Peru"), FRU-VEG Guatemala S.A. ("FRUVEG Guatemala"), Andres Bickford ("Bickford"), Jose J. Quezada ("Quezada"), Hugo Coral, Sr. ("Coral"), Levy Zapata ("Zapata"), Anna Hernandez ("Hernandez"), and Matilde Isabel Saco Bobadilla ("Saco") (collectively "Defendants"), violated several Federal and State statutes.[1]

Plaintiff's Amended Complaint alleges that both Plaintiff and Defendant compete for the sale and distribution of produce in Florida and the United States. Plaintiff has owned the trademark rights to both FRU VEG and FRU VEG MARKETING since at least 1988. For approximately twenty-four years Plaintiff has used its trademarks in connection with its business of wholesale distribution of produce, and during that time Plaintiff's services have built up significant goodwill with the public and within the industry. Plaintiff has used its trademarks continuously in the United States and Florida and has not at any point abandoned them. The industry in which Plaintiff is involved is highly regulated and Plaintiff has maintained an excellent reputation with all federal agencies involved in the regulation of the industry.

Defendant FRUVEG USA is a Florida corporation with its principal place of business in Miami, Florida. FRUVEG Colombia, Peru, and Guatemala are all foreign corporations organized under the laws of their respective countries. Defendant Bickford, a resident of Florida, is the President of FRUVEG USA and fifty-percent owner of FRUVEG Peru. Defendant Quezada is a resident of Florida and the Vice President of FRUVEG USA. Defendant Coral is a resident of Peru and Vice President of Fruveg USA. Defendant Zapata is a resident of Colombia and acts as a manager of FRUVEG Colombia. Defendant Hernandez is believed to be a resident of Guatemala and acts as a manager of FRU-VEG Guatemala. The final named defen-

---

**1.** Specifically, Plaintiff alleges that Defendants are liable for: (1) federal trademark infringement under the Lanham Act, 15 U.S.C. § 1125(a); (2) unfair competition under the Lanham Act, 15 U.S.C. § 1125(a) *et seq.;* (3) violating the Florida Registration and Protection of Trademarks Act, Fla. Stat. § 495.131 *et seq.;* (4) violating the Florida

Trademark Dilution Act, Fla. Stat. § 495.151; (5) violating the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.204 *et seq.;* (6) trademark infringement under Florida common law; (7) unfair competition under Florida common law, and; (8) civil conspiracy. (D.E. 35 at 15–22.)

dant, Saco, is a co-founder and manager of FRUVEG Peru. (D.E. 35 at 2–5.) Plaintiff also alleges that all of the Defendant corporations are related entities as indicated by the website "FruVeg World" which has now been removed from the internet. (D.E. 35–1 at 38–43.)

Plaintiff alleges that at some time in late 2011, Defendants started using, and continue to use, the infringing trademark in question, "FRUVEG." On December 21, 2011, Plaintiff sent a "cease and desist" letter to Defendant FRUVEG USA, demanding that the unlawful use of FRUVEG be discontinued on FRUVEG USA's website and on its other business materials. On January 11, 2012, Plaintiff sent a second "cease and desist" letter. Plaintiff alleges that Defendant FRUVEG Peru was formed after this letter was sent.

As evidence of the harm done to Plaintiff's business, Plaintiff alleges that some shipments from Defendant FRUVEG Peru to All American Farms, Inc. were inspected by the U.S. Department of Agriculture and found to be in the early stages of decay. (D.E. 35 at 12.) Plaintiff alleges that it is substandard quality such as this that poses a harm to Plaintiff's reputation. Furthermore, Plaintiff alleges that there have been several instances of customer confusion due to FRUVEG USA's similar name. In one instance Plaintiff received a phone call from one of Defendant FRUVEG USA's customers complaining about an undelivered order, and in another instance UPS mistakenly sent an invoice for collection of freight charges to Plaintiff when it was intended for Defendant.

As a result of Defendants' allegedly willful actions Plaintiff has suffered harm to its business and it is for those reasons that Plaintiff seeks redress in the present suit. Defendants seeks to dismiss Plaintiff's Amended Complaint pursuant to Fed.R.Civ.P. 12(b)(1), 12(b)(2), and 12(b)(5).

(D.E. 40.) Plaintiff moves the Court for Alternative Service of Process. (D.E. 36.)

## II. Fed.R.Civ.P. 12(b)(1)—Lack of Subject Matter Jurisdiction

### a. Legal Standard

Under Fed.R.Civ.P. 12(b)(1), a defendant may seek dismissal of the case claiming that the court lacks subject-matter jurisdiction over the suit. The Court of Appeals for the Eleventh Circuit has held that attacks on subject-matter jurisdiction under Rule 12(b)(1) come in two forms: a "facial" attack and a "factual" attack. The former requires the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject-matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion. The latter challenges the existence of subject-matter jurisdiction irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered. On a facial attack, a plaintiff is afforded safeguards similar to those provided in opposing a Rule 12(b)(6) motion, meaning that the court must consider the allegations of the complaint to be true. But when the attack is factual, the trial court may proceed as it never could under 12(b)(6) or Rule 56. Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction—its very power to hear the case—there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. *United States v. Spitzer*, 245 Fed.Appx. 908, 910–11 (11th Cir.2007) (internal quotations and citations omitted). And when a party challenges the subject matter jurisdiction, the district court has

the authority to resolve factual disputes, along with the discretion to devise a method for making a determination. *Odyssey Marine Exploration, Inc. v. Unidentified Shipwrecked Vessel,* 657 F.3d 1159, 1170 (11th Cir.2011).

### b. Analysis

■ Here, Defendants raise a facial attack upon the Court's subject-matter jurisdiction and the Court is therefore required to read Plaintiff's allegations as true. The Defendants argue that Plaintiff relies on extraterritorial application of the Lanham Act to confer subject-matter jurisdiction on the Court, however that is not the case. In support of Defendants proposition that Plaintiff is relying on extraterritorial application of the Lanham Act, Defendants cite to *Int'l Café v. Hard Rock Café Int'l,* 252 F.3d 1274 (11th Cir.2001). However, in *Int'l Café* the Lanham Act violations occurred entirely in Lebanon. In the present case, Plaintiff is not complaining of any violations that occurred outside of the U.S., instead Plaintiff is alleging that the violations occurred when the foreign corporations imported produce into the U.S., and specifically into the Southern District of Florida. Because the alleged Lanham Act violations occurred inside the U.S., subject-matter jurisdiction is clearly conferred pursuant to 28 U.S.C. § 1331 and 28 U.S.C. 1338.

In Defendants' Reply (D.E. 48) Defendants attempt to couch their Rule 12(b)(1) motion as a factual attack as opposed to a facial attack. Even if the Court were to entertain this argument, Exhibit A to Plaintiff's Amended Complaint (D.E. 35–1) contains a number of invoices from FRU-VEG Peru, FRUVEG Guatemala, and FRUVEG Colombia all of which clearly show that the foreign defendant corporations were shipping produce under the FRUVEG name to Miami, Florida and Boynton Beach, Florida. While there have been affidavits submitted on behalf of the foreign corporations asserting that they do not import goods to the U.S., the great weight of evidence contradicts those statements.

Accordingly, Defendants' Motion to Dismiss pursuant to Rule 12(b)(1) (D.E. 40) is DENIED.

### III. Fed.R.Civ.P. 12(b)(2)—Lack of Personal Jurisdiction

#### a. Legal Standard

■ A party may move for dismissal under Rule 12(b)(2) for lack of personal jurisdiction. Fed.R.Civ.P. 12(b)(2). The plaintiff bears the burden of establishing personal jurisdiction over the defendant. *Morris v. SSE, Inc.,* 843 F.2d 489, 492 (11th Cir.1988). Allegations in the complaint are accepted as true to the extent they are uncontroverted by defendant's non-conclusory affidavits or deposition testimony. *Id.* at 492. Where there is conflict between the parties' affidavits and deposition testimony, all reasonable inferences are drawn in favor of the plaintiff. *Id.*

#### b. Analysis

Defendants' argument for dismissing the Amended Complaint hinges on Plaintiff's use of the word "importer." (D.E. 40 at 4.) In its Amended Complaint, Plaintiff alleges that the Court has personal jurisdiction over Defendants because Defendants, at all material times, operated a business in the state of Florida "by virtue of importing produce" into the state. (D.E. 35 ¶ 20). An "importer" with respect to an article of food is "the United States agent or representative of a foreign owner or consignee of the article of food at the time of entry of such article into the United States." 21 U.S.C. § 384a(a)(2)(B). Here, Plaintiff alleges that the foreign defendant corporations were shipping pro-

duce to customers in the Southern District of Florida but does not specifically allege the use of an agent or representative located in the U.S. While Defendants' assertion that Plaintiff misused the word "importer" is therefore correct, it is not dispositive as to the matter of personal jurisdiction.

 The Eleventh Circuit Court of Appeals follows a two-prong test for determining whether a District Court has personal jurisdiction. *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 626 (11th Cir.1996). First, Florida's long arm statute, Fla. Stat. § 48.193, must provide a jurisdictional basis; second, there must be sufficient minimum contacts between the defendants and the forum state as to satisfy "traditional notions of fair play and substantial justice" under the Due Process Clause of the Fourteenth Amendment. *Id.* (citations omitted). Jurisdiction may be constitutionally asserted over the nonresident defendant under the "minimum contacts" prong whenever he has by his own purposeful conduct created a "substantial connection" with the forum state. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). The Court has made clear, however, that "[s]o long as it creates a 'substantial connection' with the forum, even a single act can support jurisdiction." *Id.* (quoting *McGee v. Int'l Life Ins. Co.*, 355 U.S. 220,

223, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957)). In the present case, Plaintiff satisfies both prongs of the test.

Florida's long arm statute confers personal jurisdiction for several of enumerated reasons. Plaintiff's Amended Complaint alleges that Defendants carried on a business or business venture in Florida; committed tortious acts within the state; caused injury to persons or property within the state by products used in commerce; and engaged in substantial and not isolated activity within the state. These allegations, accepted as true, satisfy Subsections 48.193(1)(a), (1)(b), (1)(f)(2), and (2).[2] Plaintiff has also met the second prong of the test, that Defendants have sufficient minimum contacts with this District. Plaintiffs allegations that the foreign corporations have made numerous shipments of produce to the Southern District of Florida (D.E. 35 at 6–7) easily meet the threshold for minimum contacts with Florida.

Accordingly, Defendants' Motion to Dismiss pursuant to Rule 12(b)(2) (D.E. 40) is DENIED.

### IV. Fed.R.Civ.P. 12(b)(5)—Insufficient Service of Process

#### a. Legal Standard

 Rule 12(b)(5) permits a court to dismiss a case for insufficient service of

---

**2.** (1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself . . . to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:

 (a) Operating, conducting, engaging in, or carrying on a business or business venture in this state. . . .
 (b) Committing a tortious act within this state.
 (f) Causing injury to persons or property within this state arising out of an act or

omission by the defendant outside this state, if, at or about the time if the injury . . .:

 (2) Products, materials, or things processed, serviced, or manufactured by the defendant anywhere were used or consumed within this state in the ordinary course of commerce, trade, or use.
 (2) A defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity.

process. Fed.R.Civ.P. 12(b)(5). Initially the defendant has the burden of challenging the sufficiency of service and "must describe with specificity how the service of process failed to meet the procedural requirements of Fed.R.Civ.P. 4." *Hollander v. Wolf,* No. 09–80587–CIV, 2009 WL 3336012, at *3 (S.D.Fla. Oct. 14, 2009). Once the defendant carries that burden, then the burden shifts to the plaintiff to prove a *prima facie* case of proper service of process. *Id.* If the plaintiff can establish that service was proper then the burden shift back to the defendant to "bring strong and convincing evidence of insufficient process." *Id.* (citations omitted). "The Court may look to affidavits, depositions, and oral testimony to resolve disputed questions on fact." *Id.* (citations omitted).

### b. *Analysis*

■ In the present case Plaintiff is attempting to serve the defendants that are outside of the U.S. pursuant to Fed.R.Civ.P. 4(f)(3). Rule 4(f) governs service of process outside the U.S. by authorizing service pursuant to international agreements or, under subsection (3), "by other means not prohibited by international agreement, as the court orders." Fed.R.Civ.P. (4)(f)(3). The Ninth Circuit Court of Appeals provided that "[a]s long as court-directed and not prohibited by an international agreement, service of process ordered under Rule 4(f)(3) may be accomplished in contravention of the laws of the foreign country." *Rio Props., Inc. v. Rio Int'l Interlink,* 284 F.3d 1007, 1014 (9th Cir.2002). That Court also provided that service pursuant to Rule 4(f)(3) is "neither a last resort nor extraordinary relief.... It is merely one means among several which enables service of process on an international defendant." *Id.* at 1015 (quotations and citations omitted).

Nevertheless, in order for service to be valid, even when ordered pursuant to Rule 4(f)(3), the United States Supreme Court has stated that service must provide "notice reasonably calculated, under all the circumstances, to appraise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950).

■ Here, Plaintiff seeks leave of Court to serve Defendants Coral, Zapata, Hernandez, and Saco (collectively "the Individual Foreign Defendants"). (D.E. 36.) Plaintiff seeks to serve all of the Individual Foreign Defendants in essentially the same manner, by international courier or Federal Express to their known personal or corporate addresses, and via email and U.S. mail to their counsel who is located in the Southern District. The three countries in question, Peru, Guatemala, and Colombia, are subscribe to the Inter–American Service Convention which does not prohibit service by international courier of Federal Express. (D.E. 7–1 at 17–19.)

Furthermore, courts around the country have found that, in order to prevent delays in litigation, service upon foreign defendants through counsel is appropriate. *See LG Elecs, Inc. v. ASKO Appliances, Inc.,* No. CIV.A. 08–828, 2009 WL 1811098, at *4 (D. Del. June 23, 2009) (finding that service upon an attorney was permissible in light of the regularity of contact between the defendant and his attorney); *Prediction Co. LLC v. Rajgarhia,* No. CIV.A. 097459, 2010 WL 1050307, at *1 (S.D.N.Y. Mar. 22, 2010) (finding that sending a copy of the summons and complaint to defendant's attorney and requesting that he forward the documents to defendant satisfies due process concerns); *Marlabs Inc. v. Jakher,* No. CIV.A.

074074, 2010 WL 1644041, at *3 (D.N.J. Apr. 22, 2010) (finding that service upon the foreign defendant through his attorney comports with constitutional due process since defendant was clearly on notice of the contents of the instant complaint and had regular contact with its attorney); *In re TFT–LCD (Flat Panel) Antitrust Litig.,* No. CIV.A. 07–1827, 2010 WL 1337743, at *3 (N.D.Cal. Apr. 2, 2010) (finding that where the defendant had consulted U.S. counsel regarding the lawsuit and participated in the case through U.S. counsel it was reasonable to find that the defendant had sufficient notice of the suit); *FMAC Loan Receivables v. Dagra,* 228 F.R.D. 531, 534 (E.D.Va.2005) (finding that where the defendant's attorney had filed several motions on the defendant's behalf the defendant would be given proper notice of the suit it process was served on his attorney).

Accordingly, Plaintiff's Motion for Court Directed Alternative Service of Process (D.E. 36) is GRANTED and Defendants' Motion to Dismiss pursuant to Rule 12(b)(5) (D.E. 40) is DENIED.

## *V. CONCLUSION*

Accordingly it is ORDERED AND AD-JUDGED that Plaintiff's Motion for Court–Directed Alternative Service of Process (D.E. 36) is GRANTED.

Plaintiff is hereby authorized to serve the Foreign Individual Defendants with the initial process, within fifteen (15) days, as follows:

a. Defendant CORAL—by service of a copy of the Summons and Complaint via international courier or international mail vie Federal Express to the address identified in the Motion, as well as by service on Counsel, J. Michael Wermuth, Esq., via email and U.S. mail;

b. Defendant ZAPATA—by service of the Summons and Complaint via inter-national courier or international mail via Federal Express to the principal business address of FRUVEG Colombia identified in the Motion, as well as by service on Counsel, J. Michael Wermuth, Esq., via email and U.S. mail;

c. Defendant HERNANDEZ—by service of the Summons and Complaint via international courier or international mail via Federal Express to the principal business address of FRUVEG Guatemala identified in the Motion, as well as by service on Counsel, J. Michael Wermuth, Esq., via email and U.S. mail; and

d. Defendant SACO—by service of the Summons and Complaint via international courier or international mail via Federal Express to the principal business address of FRUVEG Peru identified in the Motion, as well as by service on Counsel, J. Michael Wermuth, Esq., via email and U.S. mail.

Plaintiff shall file a Notice of Compliance within twenty (20) days of the date of this Order as proof that service has been effectuated on each Foreign Individual Defendant pursuant to this Order.

It is further ORDERED AND AD-JUDGED that Defendants' Renewed Motion to Dismiss and to Quash Service of Process (D.E. 40) is DENIED. It is further

ORDERED AND ADJUDGED that Plaintiff's Motion for Leave to File Sur-Reply (D.E. 52) is DENIED AS MOOT.