LEXMARK INTERNATIONAL, INC., Plaintiff,

v.

INK TECHNOLOGIES PRINTER SUPPLIES, LLC, et al., Defendants.

No. 1:10–cv–564.

United States District Court, S.D. Ohio, Western Division.

Dec. 2, 2013.

Anthony J. Phelps, Steven B. Loy, Stoll Keenon Ogden PLLC, P. Douglas Barr, Lexington, KY, Audra Carol Eidem Heinze, Jason Shull, Matthew P. Becker, Timothy C. Meece, V. Bryan Medlock, Banner & Witcoff, Ltd., Chicago, IL, William J. Hunter, Jr., Stoll Keenon Ogden PLLC, Louisville, KY, for Plaintiff.

Jon Hokanson, Thomas S. Kidde, Lewis Brisbois Bisgaard & Smith, LLP, Los Angeles, CA, Glenn Dean Bellamy, Wood, Herron & Evans, LLP, David Graham Kern, Roetzel & Andress, LPA, Cincinnati, OH, Andre A. Gibson, Andre Gibson, Chartered, North Miami Beach, FL, Crystal L. Maluchnik, George H. Carr, Janik L.L.P., Cleveland, OH, Edward F. O'Connor, The Eclipse Group, LLP, Irvine, CA, Andrew B. Chen, Saeid Mirsafian, Sang N. Dang, Blue Capital

Law Firm, P.C., Costa Mesa, CA, for Defendants.

Core Servicios Informaticos S.I., pro se.

### OPINION AND ORDER

MICHAEL R. BARRETT, District Judge.

This matter is before the Court on Plaintiff Lexmark International, Inc.'s Motion for Permission to serve Zhuhai Aicon Image Co. and Eco Service Sp. z.o.o. with Summons and the Second Amended Complaint via email. (Doc. 477). As those Foreign Defendants have not appeared in the matter, no response in opposition has been filed on their behalf.

### I. BACKGROUND

With respect to the First Amended Complaint, Plaintiff sought leave to serve other foreign defendants by email only. Several of those foreign defendants were companies located in China. None were companies located in Poland. Although the Court initially denied Plaintiff's request for leave to serve those foreign defendants in China by email only for failure to demonstrate that the proposed means of service comported with due process, it later permitted such service after receiving assurances that the proposed means was reasonably calculated to reach the foreign defendant.

On November 1, 2013, Plaintiff filed its Second Amended Complaint in which it added new defendants. The new defendants included Defendants Zhuhai Aicon Image Co., which appears to be an entity located in China, and Eco Service Sp. z.o.o., which appears to be an entity located in Poland. Plaintiff now seeks to serve those two foreign defendants by email only.

### II. ANALYSIS

Federal Rule of Civil Procedure 4(h) governs international service of process on foreign businesses. Specifically, Rule 4(h)(2) authorizes service of process on a foreign business in the same "manner prescribed by Rule 4(f) for serving an individual, except personal delivery...." Fed.R.Civ.P. 4(h)(2).

Federal Rule of Civil Procedure 4(f) provides three methods for service. First, Rule 4(f)(1) allows for service by "any internationally agreed means ... that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." Fed.R.Civ.P. 4(f)(1). Second, Rule 4(f)(2) provides that "if there is no internationally agreed means, or if an international agreement allows but does not specify other means," then service may be effectuated in accordance with the laws of the foreign country, as directed by the foreign authority in response to a letter rogatory or letter of request, or by using any form of mail that the clerk addresses and that requires a signed receipt, unless prohibited by the foreign country's laws. Fed.R.Civ.P. 4(f)(2). Third, Rule 4(f)(3) permits service by "other means not prohibited by international agreement, as the court orders." Fed.R.Civ.P. 4(f)(3).

Here, Plaintiff appears to rely, as it did in its prior motions for alternative service, on Rule 4(f)(3) for service on the foreign defendants. Based upon the plain language of Rule 4(f)(3), the only two requirements for service under that Rule are that it must be (1) directed by the court, and (2) not prohibited by international agreement. See Popular Enters., LLC v. Webcom Media Grp., Inc., 225 F.R.D. 560, 561 (E.D.Tenn.2004). Notably, courts have consistently found that there is not a hierarchy among the subsections of Rule 4(f). Studio A Entm't, Inc. v. Active Distributors, Inc., No. 1:06–cv2496, 2008 WL 162785, at *2–3, 2008 U.S. Dist. LEXIS 5883, at *6 (N.D.Ohio Jan. 15, 2008); see also Flava Works, Inc. v. Does 1–26, No. 12C5844, 2013 WL 1751468, at *6–7, 2013 U.S. Dist. LEXIS 57588, at *17 (N.D.Ill. Apr. 19, 2013); Rio Props., Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1015 (9th Cir.2002). Rule 4(f)(3) is "neither a 'last resort' nor 'extraordinary relief.' It is merely one means among several which enables service of process on an international defendant." Rio Props., Inc., 284 F.3d at 1015. As such, a plaintiff is not required to first exhaust the methods contemplated by Rule 4(f)(1) and (2) before petitioning the Court for permission to use alternative means under Rule 4(f)(3). Studio A Entm't, 2008 WL 162785, at *2–3,

2008 U.S. Dist. LEXIS 5883, at *6; *see also Flava Works, Inc.*, 2013 WL 1751468, at *6–7, 2013 U.S. Dist. LEXIS 57588, at *17; *Rio Props., Inc.*, 284 F.3d at 1015.

■ However, even if service is permitted by a particular method, the Court must determine whether the chosen method comports with constitutional notions of due process, namely that the service of process be "reasonably calculated, under all the circumstances, to apprize interested parties of the pendency of the action and afford them an opportunity to present their objections." *Studio A Entm't*, 2008 WL 162785, at *3, 2008 U.S. Dist. LEXIS 5883, at *8.

The Court also must determine whether the facts and circumstances of the case warrant the exercise of its discretion to order alternative service. *Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nig.*, 265 F.R.D. 106, 115 (S.D.N.Y.2010) (" 'The decision whether to allow alternative methods of serving process under Rule 4(f)(3) is committed to the sound discretion of the district court.' ") (quoting *RSM Prod. Corp. v. Fridman*, No. 06 Civ 11512, 2007 U.S. Dist. LEXIS 37713 (S.D.N.Y. May 24, 2007)); *see also In re GLG Life Tech Corp. Sec. Litig.*, 287 F.R.D. 262, 265 (S.D.N.Y.2012). Some courts, prior to authorizing service under Rule 4(f)(3), have required a showing that the plaintiff has reasonably attempted to effectuate service on the defendant and that the circumstances are such that the court's intervention is necessary. *See, e.g., In re GLG Life Tech. Corp. Sec. Litig.*, 287 F.R.D. at 265–66; *Williams v. Adver. Sex LLC*, 231 F.R.D. 483, 486 (N.D.W.Va.2005); *Rio Props., Inc.*, 284 F.3d at 1016. Further, one district court in the Sixth Circuit has stated that "even if other methods of obtaining service of process are technically allowed, principles of comity encourage the court to insist, as a matter of discretion, that a plaintiff attempt to follow foreign law in its efforts to secure service of process upon defendant." *C & F Sys., LLC v. Limpimax, S.A.*, No. 1:09cv858, 2010 WL 65200, at *2, 2010 US. Dist. LEXIS 973, at *6 (W.D.Mich. Jan. 6,

2010). The Advisory Committee Notes to Rule 4 provide further guidance as to when alternative service may be appropriate:

> The Hague Convention, for example, authorizes special forms of service in cases of urgency if conventional methods will not permit service within the time required by the circumstances. Other circumstances that might justify the use of additional methods include the failure of the foreign county's Central Authority to effect service within the six-month period provided by the Convention, or the refusal of the Central Authority to serve a complaint seeking punitive damages or to enforce the antitrust laws of the United States. In such cases, the court may direct a special method of service not explicitly authorized by international agreement if not prohibited by the agreement. Inasmuch as our Constitution requires that reasonable notice be given, an earnest effort should be made to devise a method of communication that is consistent with due process and minimizes offense to foreign law.

Fed.R.Civ.P. 4, Advisory Committee Note to Subdivision (f)(3).

Considering those standards, the Court must evaluate whether service by email only is appropriate as to Zhuhai Aicon Image Co. in China and Eco Service Sp. z.o.o. in Poland. Both China and Poland are signatories to the Hague Convention.[1] Convention done at the Hague Nov. 15, 1965, art. 10(a), 20 U.S.T. 361, 658 U.N.T.S. 163, C.T.S. 1989/2. Both China and Poland object to Article 10 of the Hague Convention under which service by postal channels would be permissible.

■ Various courts have agreed that service by email is not prohibited by the Hague Convention. *See Williams–Sonoma Inc. v. Friendfinder, Inc.*, No. C 06–06572, 2007 WL 1140639, at *1–2, 2007 U.S. Dist. LEXIS 31299, at *4–5 (N.D.Cal. Apr. 17, 2007); *see also Facebook, Inc. v. Banana Ads, LLC*, No. C–11–3619, 2012 WL 1038752, at *2, 2012 U.S. Dist. LEXIS 42160, at *6–7 (N.D.Cal. Mar. 27, 2012) (citing cases where court held

1. Although Plaintiff has entirely failed to provide any information as to whether Poland is a signatory to an international treaty, the Court recog- nizes that Poland indeed is a signatory to the Hague Convention.

that service by email did not violate the Hague Convention). Email service has been approved even where, as here, the country objects to Article 10 of the Hague Convention. *See Fed. Trade Comm'n v. PCCare247, Inc.,* No. 12 Civ. 7189, 2013 WL 841037, at *4, 2013 U.S. Dist. LEXIS 31969, at *11 (S.D.N.Y. Mar. 7, 2013) (citing *Gurung v. Malhotra,* 279 F.R.D. 215, 219 (S.D.N.Y. 2011); *Philip Morris USA Inc. v. Veles Ltd.,* No. Civ. 2988(GBD), 2007 WL 725412, 2007 U.S. Dist. LEXIS 19780 (S.D.N.Y. Mar. 12, 2007)); *see also Facebook, Inc.,* 2012 WL 1038752, at *2, 2012 U.S. Dist. LEXIS 42160, at *6–7 (citing cases where court held that service by email did not violate the Hague Convention). As such, a court may order service by email, where appropriate.

■ Plaintiff's motion provides the Court with sufficient information from which the Court can determine that the requested alternative service by email is reasonably calculated to reach those Defendants. Zhuhai Aicon Image Co. in China and Eco Service Sp. z.o.o. are business entities with websites on which they provide email addresses where they may be contacted. Plaintiff also has demonstrated that it has verified that each of the email addresses at which it seeks to serve those Defendants is valid, and that

communication has occurred with a representative of the respective Defendant at those email addresses.

Plaintiff also has shown that the circumstances of the case warrant alternative service. This case has been pending for approximately three years, and the Court is well aware of the difficulties encountered by Plaintiff attempting to locate all of the Defendants in this matter. Plaintiff has demonstrated that service on the Chinese entity as well as the Polish entity could be significantly delayed if formal service pursuant to the Hague Convention is required. Plaintiff also has demonstrated in its prior motions that other business entities have evaded enforcement efforts by effectively disappearing such that any further delay may prejudice Plaintiff's ability to obtain relief.

Accordingly, the Court finds that this case warrants the exercise of its discretion to order alternative service under Rule 4(f)(3) on the two foreign defendants that are the subject of Plaintiff's motion. Plaintiff's Motion (Doc. 477) therefore is **GRANTED,** and Plaintiff is authorized to serve the following Defendants with the Summons and Second Amended Complaint as set forth below:

| Defendant | Alternative Means of Service |
| --- | --- |
| Zhuhai Aicon Image Co. | Via e-mail to:<br>1. promotion@iaicon.com<br>2. bizl@iaicon.com |
| Eco Service Sp. z.o.o. | Via e-mail to:<br>rozel@ecos.com.pl |

**IT IS SO ORDERED.**