# Third District Court of Appeal
## State of Florida

Opinion filed January 21, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-0252
Lower Tribunal No. 24-3841-CA-01
_____

## Wepard Corporation, Limited, etc., et al.,
Appellants,

vs.

## Diaz, Reus & Targ, LLP,
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Reemberto Diaz, Judge.

The Legal Team, PLLC, and Karel Suarez, and Carlos Enrique Alvarez, for appellants.

Diaz, Reus & Targ, LLP, and Gary E. Davidson, and Prince-Alex Iwu, for appellee.

Before FERNANDEZ, MILLER and BOKOR, JJ.

FERNANDEZ, J.

Wepard Corporation, Limited ("Wepard"); Forsun Boats, Limited ("Forsun"); and Nicolas Suarez ("Suarez") (collectively, "Appellants") appeal the trial court's non-final order Denying Defendants' Motion to Quash Service via Alternative Service, entered in favor of Plaintiff Diaz, Reus & Targ, LLP ("DRT"). We dismiss the appeal in part as to Suarez and affirm the non-final order Denying Defendants' Motion to Quash Service via Alternative Service.

DRT filed suit against Appellants for the alleged nonpayment of legal fees. All Appellants are located in Malta, and service on Appellants was subject to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Convention" or "Convention").

On May 7, 2024, DRT moved for service on Appellants via email under section 48.197(1)(c), Florida Statutes (2024), citing the prior extensive email communications with Appellant Suarez. Upon consideration of the motion, on May 7, 2024, the trial court authorized service by email under the statute. Appellants challenge this order as violating the Hague Convention. Service was then executed via email.[1]

---

[1] Service was also executed via FedEx to the Malta address. However, Malta formally objected to all alternative service methods under Article 10 of the Hague Convention, which includes service through postal channels.

On October 25, 2024, DRT voluntarily dismissed its claims against Suarez without prejudice. On October 29, 2024, Forsun and Suarez moved for sanctions against DRT despite Suarez's dismissal from the case. All Appellants moved to quash service on November 7, 2024, arguing that DRT failed to comply with the Convention by not serving them through Malta's Central Authority. The trial court held a non-evidentiary hearing on January 9, 2025, and denied the motion on January 11, 2025. Appellants appealed.

This Court has jurisdiction to review non-final orders concerning service of process *de novo*. See Tuscan River Estate, LLC v. U.S. Bank Trust Nat'l Ass'n, 351 So. 3d 1233, 1236 (Fla. 1st DCA 2022).

DRT voluntarily dismissed its case as to Suarez without prejudice on October 25, 2024. Therefore, we dismiss this appeal as to Suarez, as a former defendant lacks standing to appeal. See Garcia v. Evertz, 327 So. 3d 279, 279 (Fla. 3d DCA 2021) (holding that a voluntary dismissal terminates litigation and serves to "divest the court of its jurisdiction," precluding further appellate review and resulting in dismissal).

Furthermore, Forsun and Suarez waived their challenge to service by seeking affirmative relief by filing a motion for sanctions, that included a request for attorneys' fees. Therefore, Forsun and Suarez submitted themselves to the trial court's jurisdiction. See First Wisconsin Nat'l Bank of

3

Milwaukee v. Donian, 343 So. 2d 943, 945 (Fla. 2d DCA 1977) ("[T]hose who participate in litigation by moving the court to grant requests materially beneficial to them, have submitted themselves to the court's jurisdiction."); Allstate Mortg. Sols. Transfer, Inc. v. Bank of Am., N.A., 338 So. 3d 985, 988 (Fla. 3d DCA 2022) ("Florida law is well settled that a defendant wishing to challenge personal jurisdiction must do so in the first step the defendant takes in the case, or this defense will be deemed waived, and the court will be deemed to have acquired jurisdiction over the defendant."). Accordingly, we affirm the non-final order as to Forsun based on waiver.

As to the merits, Appellants argue that in order for a trial court to permit email service under section 48.197(1)(c), Florida Statutes (2024), DRT must show that it exercised due diligence in exhausting all avenues of service under the Hague Convention before a trial court permits email service. We disagree.

Section 48.197(1)(c) provides that service on foreign defendants may be made . . .

> Pursuant to motion and order by the court, by other means, including electronically **by e-mail** or other technology, which the party seeking service shows is reasonably calculated to give actual notice of the proceedings and is not prohibited by international agreement, as the court orders.

(Emphasis added). Based on the plain language of section 48.197(1)(c) (foreign service) as compared to section 48.102 (domestic service), the domestic service statute explicitly requires a showing of due diligence prior to permitting email service while the foreign service statute does not.[2] "[W]hen the legislature includes particular language in one section of a statute but not in another section of the same statute, the omitted language is presumed to have been excluded intentionally." USAA Cas. Ins. Co. v. Emergency Physicians, Inc., 393 So. 3d 257, 261 (Fla. 5th DCA 2024) (quoting Bd. of Trs. of Fla. State Univ. v. Esposito, 991 So. 2d 924, 926 (Fla. 1st DCA 2008).

Section 48.197(1)(c) is modeled after Rule 4(f)(3) of the Federal Rules of Civil Procedure. However, in contrast, the Florida statute explicitly allows

---

[2] Section 48.102 provides:

> If, **after due diligence**, a party seeking to effectuate service is unable to effectuate personal service of process. . .the court, upon motion and a showing of such inability, may authorize service in any other manner that the party seeking to effectuate service shows will be reasonably effective to give the entity on which service is sought to be effectuated actual notice of the suit. Such other manners of service may include service electronically by e-mail or other technology by any person authorized to serve process in accordance with this chapter, or by an attorney.

(Emphasis added).

for email service, while the Federal Rule only generally allows for service "by other means." See Rule 4(f)(3), Federal Rules of Civil Procedure ("(f) Unless federal law provides otherwise, an individual . . . may be served at a place not within any judicial district of the United States: (3) **by other means** not prohibited by international agreement, as the court orders." (emphasis added)). The Florida Bar Journal in addressing this difference is language stated:

> The specific inclusion to electronic methods of service in the new Florida statute--which is not explicitly mentioned in federal Rule 4(f)(3), although it has been increasingly authorized by federal courts under the general language of the rule--**was intended to confirm the specific authority of the court to order this method of service.**

Giacomo Bossa & James B. Murphy, Jr., Recent Legislative Changes to Service of Process: A New Ball Game?, 97 Fla. B.J., May/June 2023, at 39, 42 (emphasis added).

The Ninth Circuit U.S. Court of Appeal was faced with similar challenges to Rule 4(f)(3) where the appellant claimed that the rule required a showing of due diligence prior to alternative service arguing that the rule created a hierarchy of preferred methods of service. We find the Ninth Circuit's response directly on point and highly persuasive:

> We find no support for [appellant's] position. No such requirement is found in the Rule's text, implied by its structure, or even hinted at in the advisory committee notes.

6

. . .

> Rule 4(f)(3) is not subsumed within or in any way dominated by Rule 4(f)'s other subsections; it stands independently, on equal footing. Moreover, no language in Rules 4(f)(1) or 4(f)(2) indicates their primacy, and certainly Rule 4(f)(3) includes no qualifiers or limitations which indicate its availability only after attempting service of process by other means.
>
> . . .
>
> Thus, examining the language and structure of Rule 4(f) and the accompanying advisory committee notes, we are left with the inevitable conclusion that service of process under Rule 4(f)(3) is neither a "last resort" nor "extraordinary relief." *Forum Fin. Group,* 199 F.R.D. at 23. It is merely one means among several which enables service of process on an international defendant.

Rio Properties, Inc. v. Rio Intern. Interlink, 284 F.3d 1007, 1015 (9th Cir. 2002).

We adopt the Ninth Circuit's sound reasoning. Based on the plain language of section 48.197(1)(c), the foreign service statute does not require a showing of due diligence prior to the granting of email service. There is no hierarchy of service. Service via email is one way among several in which a Florida plaintiff can serve an international defendant.

Pursuant to section 48.197(1)(c), the only limitations on allowing service via email are: the email service is court ordered, it is reasonably calculated to give actual notice of the proceedings, and it is not prohibited by international agreement. "[A]s long as court-directed and not prohibited by an international agreement, service of process ordered under Rule 4(f)(3) may be accomplished in contravention of the laws of the foreign country."

Rio Properties, Inc., 284 F.3d at 1014; see also Fru Veg Mktg., Inc. v. Vegfruitworld Corp., 896 F. Supp. 2d 1175, 1182 (S.D. Fla. 2012); U.S. Commodity Futures Trading Com'n v. Aliaga, 272 F.R.D. 617, 619 (S.D. Fla. 2011).

### A. Prohibited by International Agreement

Appellants argue that Malta's objection to Article 10 of the Hague Convention bars email service. Article 10 of the Hague Convention governs only three specific methods of direct service: postal channels (Art. 10(a)), service by judicial officers in the origin state through judicial officers of the destination State (Art. 10(b)), and service by a party through judicial officers of the destination State (Art. 10(c)). See Hague Convention, art. 10, November 15, 1965, 20 U.S.T. 361. Email technology was not contemplated when the Convention was drafted in 1965 and is absent from its text. Therefore, neither the Hague Convention nor Malta explicitly prohibit email service. See Douglas v. Cruise Yacht Op Co. Ltd., No. 21-cv-23980, 2022 WL 1719312, at *9 (S.D. Fla. May 27, 2022) ("[T]he Convention does not specifically preclude service by e-mail, and neither Spain nor Malta have specifically objected to service by e-mail."); Lexmark Intern., Inc. v. Ink Techs. Printer Supplies, LLC, 295 F.R.D. 259, 261-62 (S.D. Ohio 2013)

(authorizing email service on defendants in Poland and China despite those countries' objection to Article 10 of the Convention).

Accordingly, the trial court ordering Appellants to be served via email was not prohibited by international agreement.

### B. Actual Notice

As previously explained, DRT provided Appellant Suarez's email address that DRT had previously used to communicate with Appellants and another email belonging to counsel for Wepard in a separate case. That all Appellants received actual notice is evidenced by their counsel making a general appearance and subsequent filings, including Suarez and Forsun's motion for sanctions and Appellants' motion to quash. Most importantly, Appellants do not dispute receiving actual notice via email.

Accordingly, the minimum statutory limitations were found to be met in this case as service via email was court ordered, was reasonably calculated to give actual notice of the proceedings, and was not prohibited by international agreement.

In closing, Appellants argue that an evidentiary hearing was required to decide issues of fact. Yet, Appellants neither requested an evidentiary hearing nor disputed that DRT's service by email gave all three Appellants actual notice. Additionally, Appellants challenge to email service under

9

section 48.197(1)(c) raised purely legal issues. See Silvio Membreno & Florida Ass'n of Vendors, Inc. v. City of Hialeah, 188 So. 3d 13, 28 (Fla. 3d DCA 2016) ("[A] court holds evidentiary hearings only when necessary to resolve material disputes of fact." (citations omitted)).

Appellants also argue that the trial judge failed to issue a written opinion addressing compliance with the Hague Convention. Though the trial court did not address compliance with the Hague Convention in the order, based on Florida Rule of Civil Procedure 1.530, Appellants' failure to raise this issue on rehearing was a failure to preserve the issue for appeal.

For the reasons stated, we dismiss the appeal in part as to Suarez and affirm the non-final order Denying Defendants' Motion to Quash Service via Alternative Service.

Dismissed in part and affirmed.